351 So.2d 817 (1977)
Gaylon E. CUTRER
v.
KENTWOOD MOTORS, INC., et al.
No. 11509.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*818 David L. Dawson, Jr., Baton Rouge, for Gaylon Cutrer plaintiff-appellee.
Ernest G. Drake, Jr., Ponchatoula, for Kentwood Motors, Inc. defendant-appellant.
W. Arthur Abercrombie, Jr., Baton Rouge, for Ford Motor Co. third party defendant.
Charles M. Reid, Amite, for Ford Motor Credit Co. third party co-defendant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an action in redhibition. The Trial Court rendered judgment in favor of the plaintiff, against both defendants, rescinding the sale, and rendering judgment in the amount of $2,904.67 (the purchase price) plus $1,300.00 in attorney fees. From this judgment both defendants have appealed.
The record points out that on December 14,1973, the plaintiff purchased a new pickup truck from the defendant. Immediately thereafter plaintiff started having oil consumption problems, i. e. a quart of oil was added every gas fillup. He was told that the rings had not yet seated. In May, 1974, with 3,462 miles, a ring job was performed to satisfy the customer, apparently solving the oil consumption problem.
In May of 1975 the transmission started slipping at 10,378 miles, and a repair job was done free of charge though the truck was out of warranty. Then in July of 1975, the truck being 18 months old with 13,024 miles, a burned rod bearing scored the crankshaft. The bearing was not receiving oil, and it was diagnosed that the hole through which the oil would flow was plugged. Defendant suggested that the hole was plugged with either dirt or lovebugs, and concluded that an air cleaner which had been installed by an independent mechanic during a tuneup in January of 1975 was bent so as to allow dirt and even lovebugs to enter the engine. The plaintiff suggested that the problem was caused by a defective crankshaft or that the bearings which were replaced during the first repair were too tight. During the final repair job done by the defendant's mechanic, nothing was found in the hole nor was there any evidence of a defective air cleaner.
The defendant contends that the Trial Judge was in error in disbelieving this logical conclusion as to why oil did not get to the bearing, when the plaintiff did not rebut the evidence. The Trial Judge in his written reasons for judgment stated: "The Ford expert contends that the crank shaft problems were due to an oil hole being plugged by lovebugs, entering through the air filter. He contends that the filter somehow became damaged while under the control of Mr. Cutrer. The Court is unable to understand how the bugs could get from the air intake, through the carburetor, pass the pistons and the rings and then into the crank case to cause the oil stoppage. It is more logical that the problem was connected to the first repair of the motor when it only had 3,462 miles and required new rings."
In order for plaintiff to maintain his action in redhibition he must prove: (1) that the pickup truck was useless for the purpose for which he bought it, (2) that a non-apparent defect rendering the truck useless existed at the time of the sale, and (3) that the seller was given a fair opportunity to repair the defect. LSA-C.C. arts. 2520, 2530 & 2531. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir. 1976), Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir. 1976).
*819 Firstly, the Trial Judge concluded that, "The truck, and especially the motor, was so defective and stayed in the shop so much that there is no doubt that Mr. Cutrer would not have purchased if he had known of the vices and defects it contained".
Secondly, the purchaser is not burdened with the impossible task of proving the cause of every defect or difficulty he encounters with a complicated piece of machinery, and it is only sufficient that he merely show their existence. Harris v. Drexler Motor Company, Inc., 339 So.2d 1304 (La.App. 1st Cir. 1976). Proof that the defect existed at the time of the sale can be by either direct or circumstantial evidence giving rise to the reasonable inference that defects existed at the time of the sale, Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975), and the standard to determine the sufficiency of the evidence is "when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not". Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
The Trial Judge concluded that the problems of Mr. Cutrer's truck was attributable to faulty parts used in the first repair relating to his primary complaint of excessive oil consumption, thus causing, ultimately, the final defect complained of.
Thirdly, the truck was returned to Kentwood Motors, Inc. for the purpose of giving the defendant the opportunity to execute the necessary repairs to alleviate the problem. This the defendant refused to do.
This Court is of the opinion that the factual conclusions arrived at by the Trial Judge are not manifestly erroneous. Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976) and Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The plaintiff answered the appeal seeking an increase in attorney fees. Attorney fees were awarded in the Trial Court. We, therefore, award an additional sum of $650.00 for the defense of this appeal by plaintiff-appellee.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is amended to increase the attorney fees by $650.00 and as amended is affirmed. Defendants-appellants are to pay all costs of this appeal.
AMENDED AND AFFIRMED.