393 So.2d 402 (1980)
Paula K. COBB
v.
COLEMAN OLDSMOBILE, INC.
No. 13791.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied January 26, 1981.
*403 Ralph W. Brewer, Baton Rouge, for plaintiff-appellee Paula K. Cobb.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellant Coleman Oldsmobile, Inc.
Neal D. Hobson, New Orleans, for third party defendant-appellant BMW of North America, Inc.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
In this redhibition suit, the trial court rescinded plaintiff's purchase of an automobile from defendant-seller and awarded repair costs and attorney's fees. The court then awarded defendant the entire amount of the judgment against third-party defendant manufacturer.
The issues are: prescription of defendant-seller's claim against third-party defendant-manufacturer, redhibitory defects of the automobile, award of attorney fees and quantum of damages.
We reverse in part, amend in part and affirm in part.
From the date of purchase of a new BMW by plaintiff from defendant Coleman Oldsmobile, Inc. (Coleman) in October of 1974 until the final return of the automobile in June, 1976, there were repeated complaints and repairs and attempted repairs, of numerous complaints of faulty odometer, windshield wipers, buzzer for the ignition system, failure of the engine, emergency brake, park gear, air conditioner, exhaust system, disc brakes and overheating. Eventually, Coleman evidently repaired all except the overheating problem, which later resulted in permanent damage.
BMW alleges Coleman's third-party claim is an action in redhibition pursuant to LSA-C.C. Art. 2531[1] and has prescribed. LSA-C.C. Arts. 2534, 2545 and 2546.[2]
BMW's argument is that the words "corresponding and similar right of action" necessarily means an action in redhibition subject to prescription of one year that begins to run at the same time prescription begins to run against the purchasers. We *404 do not agree. The statute speaks in terms of the seller being held liable before the "similar right of action against the manufacturer" arises. We find no error in the court's overruling of BMW's exception of prescription.
BMW asserts that the automobile did not possess redhibitory vices; that the overheating and extensive engine damage resulted from plaintiff's misuse of the auto combined with the effects of an accidental crimped tail pipe or from negligent repair by defendant Coleman; that the other various complaints of plaintiff including the defective transmission and emergency brake were ultimately repaired by Coleman.
Upon conflicting evidence, the court determined the overheating problem was due to a defect in the engine's manufacture. We cannot say there was manifest error.
Because we find the overheating engine a redhibitory vice sufficient to rescind the sale, we need not address defendant's allegation that the other major defects were repaired. We note, however, that this court has held that multiple defects can collectively form the basis of a redhibitory action even though the defects have eventually been repaired. Davidson v. New Roads Motor Co. Inc., 385 So.2d 319 (La.App. 1st Cir. 1980); Cangelosi v. McInnis Peterson Chevrolet, Inc., 373 So.2d 1346 (La.App. 1st Cir. 1979).
The next issue concerns attorney fees. BMW and Coleman claim plaintiff is not entitled to an award for attorney fees. Plaintiff requests increased attorney fees. We feel the claim of BMW and Coleman has merit. The purchaser of a vehicle is not entitled to an award of attorney's fees against the seller in a redhibition action where the seller is in good faith and the buyer has not made the manufacturer a party defendant. LSA-C.C. Art. 2531, supra; Smith v. Max Thieme Chevrolet Co., Inc., 315 So.2d 82 (La.App. 2d Cir. 1975); Heckel v. Travelers Insurance Co., 340 So.2d 363 (La.App. 1st Cir. 1976). The trial court was in error in awarding plaintiff $2,500.00 in attorney fees against seller Coleman.
However, we feel Coleman is entitled to attorney fees against third-party defendant. A manufacturer is presumed to know the defects of the thing he manufactures and is therefore in bad faith and liable for attorney fees to the buyer under LSA-C.C. Art. 2545, supra. The court has interpreted this statute to include a buyer who, as an intermediary vendor, buys the car for resale. Porche v. Robinson Bros. Inc., 349 So.2d 975 (La.App. 1st Cir. 1977), writ denied 351 So.2d 171.
We find no merit in plaintiff's request for increased attorney's fees. An increase in attorney fees for services rendered on appeal is usually awarded when the defendant appeals and obtains no relief on appeal. The basis for awarding additional attorney's fees is that the successful litigant must incur additional expenses to protect his rights on appeal. Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3rd Cir. 1979). Here plaintiff has sought additional relief denied at trial. For this reason we feel additional attorney's fees are not warranted.
Plaintiff claims she is entitled to nonpecuniary damages for loss of intellectual fulfillment due to the redhibitory defects of the automobile under LSA-C.C. Art. 1934(3).[3] We find no merit in this claim. *405 Unless a contract has for its principal or exclusive object some form of intellectual gratification, nonpecuniary damages are not recoverable under C.C. Art. 1934. Stratton-Baldwin Co., Inc. v. Brown, 343 So.2d 292 (La.App. 1st Cir. 1977); Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976).
For the above reasons, the judgment of the trial court is reversed insofar as it grants judgment in favor of Paula K. Cobb against Coleman Oldsmobile, Inc. for $2,500.00 in attorney fees. That portion of the judgment in favor of third-party plaintiff, Coleman Oldsmobile, Inc., against third-party defendant BMW of North America, Inc. which represents the $2,500.00 in attorney fees is also reversed. It is now ordered, adjudged and decreed that there be judgment in favor of thirdparty plaintiff, Coleman's Oldsmobile, Inc. against third-party defendant BMW of North America, Inc. in the amount of $2,500.00 for Coleman's attorney fees. In all other respects the judgment is affirmed. Costs of the appeal are to be split equally between plaintiff and defendant BMW.
REVERSED IN PART, AMENDED AND RENDERED IN PART, AFFIRMED IN PART.
NOTES
[1] LSA-C.C. Art. 2531:

"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force of effect."
[2] LSA-C.C. Art. 2534:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence."
LSA-C.C. Art. 2545:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
LSA-C.C. Art. 2546:
"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
This discovery is not to be presumed; it must be proved by the seller."
[3] LSA-C.C. Art. 1934(3):

"Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor."