402 So.2d 208 (1981)
EVANGELINE MEDICAL & X-RAY DISTRIBUTORS CORPORATION
v.
COLEMAN OLDSMOBILE, INC., et al.
No. 14264.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*209 Gerard E. Kiefer, Baton Rouge, for plaintiff-appellee Evangeline Medical and X-Ray Distributors Corp.
Carey J. Guglielmo, Baton Rouge, for defendant-appellee Chrysler Motors, Inc.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellant Coleman Oldsmobile Inc.
Terrance C. McRea, Baton Rouge, for defendant-appellant Georgie Boy Manufacturing, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
Plaintiff-appellee, Evangeline Medical & X-Ray Distributors Corporation, was successful in this redhibition suit in which it sought a rescission of a sale of a motor home sold to it by the defendant-appellant, Coleman Oldsmobile, Inc., and manufactured by the defendant-appellant, Georgie Boy Manufacturing, Inc., on a Dodge chassis, manufactured by defendant-appellee, Chrysler Corporation. The trial court rescinded the sale returning the purchase price plus an award of attorney's fees to the plaintiff and against the defendants, Coleman and Georgie Boy. The court allowed the seller, Coleman, full indemnification from the manufacturer, Georgie Boy, plus an award for its attorney's fees. All claims against Chrysler were dismissed. From this ruling Coleman and Georgie Boy have appealed.
The plaintiff, through its president, John C. Bonfiglio, purchased the thirty-two foot motor home on March 14, 1979 from Coleman Oldsmobile, a dealership in Baton Rouge. This was the first such vehicle bought by the company although they had rented similar vehicles in the past. Mr. Bonfiglio had purchased a number of passenger vehicles from Coleman and was familiar with its operation.
The motor home was a 1979 Swinger motor home manufactured by Georgie Boy on a Dodge chassis. The plaintiff intended using the vehicle for business purposes which included traveling through Louisiana and Mississippi installing and servicing X-ray equipment. In addition, it was to be used by Mr. Bonfiglio and his family for recreational purposes.
Three personal trips were made by Mr. Bonfiglio and his family before returning *210 the vehicle, seeking a rescission of the sale based on the numerous problems encountered on their trips. The first trip was a weekend venture to LaPuma Beach near Independence, Louisiana, a drive of about fifty miles from Baton Rouge. Experiencing a number of problems, he returned the vehicle the following Monday to Coleman for repairs. A work order filed into evidence and dated March 19, 1979, revealed 15 complaints. Fourteen of the complaints were worked on by Coleman and repaired. The vehicle was returned to the plaintiff following the work.
The second trip was to Gulfport, Mississippi, and again Bonfiglio and his family experienced problems with the motor home. He returned the vehicle on April 2, 1979 and the work order reflected thirteen complaints. Twelve of the thirteen complaints were noted as being repaired. Of these complaints only two were connected with earlier complaints.
The motor home was returned to the plaintiff but it was brought back to Coleman on April 16, 1979 with eleven complaints listed. Four of the complaints were related to the other work orders and only five of the items were noted as being repaired. Finally, after traveling to New Orleans, Mr. Bonfiglio experienced similar problems and had an employee of his return it to Coleman advising Coleman that he no longer wanted the vehicle and was going to sue for rescission of the sale. A letter from plaintiff's attorney, dated April 26, 1979, was sent to Coleman tendering the vehicle.
The trial court found that the defects existed at the time of the sale. It concluded Coleman, as the seller, was in bad faith since it should have discovered ten defects in its check-out procedure. In addition, Georgie Boy, as manufacturer of the vehicle, was presumed to know of the defects in the motor home. It concluded that the evidence was sufficient for a rescission of the sale. The sale price of the vehicle was $29,983.00 and was ordered to be returned, along with $1,841.48 which represented the expenses incurred for the title, license, taxes and fees. The court also awarded plaintiff attorney's fees in the amount of $2,000.00. Judgment was rendered against Coleman and Georgie Boy with Chrysler being dismissed of all claims. The court allowed Coleman indemnification from its manufacturer, Georgie Boy, plus $1,500.00 for attorney's fees.
Georgie Boy argues on appeal that the trial court erred in finding the motor home redhibitorily defective and in granting a rescission where the alleged defects were repaired prior to tender of the vehicle and institution of suit. It also avers that the court erred in granting Coleman indemnity from Georgie Boy since it found Coleman a seller not in good faith and that it should have been granted indemnity from Chrysler for the problems with the chassis. Finally, Georgie Boy argues that the court erred in granting the rescission and in failing to order the return of the motor home to it. Coleman appeals and requests that the status quo of the case be maintained.
For a purchaser to be successful in a redhibitory suit to rescind the sale of a motor home, he must prove: (1) that the motor home had a nonapparent defect which existed at the time of the sale and was not known to the purchaser; (2) that this defect renders useless the motor home for the purpose for which it was bought or that its use was so inconvenient that it must be supposed he would not have made the purchase had he known of the defects; and (3) that the seller was given a fair opportunity to repair the defects and seller could not or would not correct the defects. La.C.C. arts. 2520, 2530 and 2531. Cutrer v. Kentwood Motors, Inc., 351 So.2d 817 (La. App. 1st Cir. 1977) and Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir. 1976).
The plaintiff listed 20 items in its petition which it contends are redhibitory in nature. The complaints are as follows:
"1. Unit purchased 3/14/79 but delivered on 3/24/79;
2. On first trip from Baton Rouge to LaPuma Beach, Tangipahoa Parish, Louisiana, approximately 50 miles, the gas tank began leaking and petitioner *211 lost approximately 30 gallons of gasoline;
3. Left front wheel makes a grinding noise;
4. Interior heater did not work, requiring occupants to sleep in a motel;
5. Ice maker did not work properly and leaked water onto carpet;
6. Refrigerator door would not close;
7. Cruise control failed to operate properly;
8. Front grill was loose or broken and made a banging sound;
9. Brake lights did not work properly;
10. Counter glass broken;
11. Vacuum cleaner not working;
12. Refrigerator operated improperly, food spoiled;
13. Screen door came apart and would not close properly;
14. Sink drained improperly and leaked onto carpet;
15. Bathroom mirrors fell out of mounting and broke;
16. Panel trim fell off;
17. Air-conditioner did not work;
18. Vehicle will not hold road at speed in excess of 40 miles per hour;
19. Front end shakes when vehicle is driven;
20. Defective suspension system and/or shock absorbers bus `bottomed out' upon slightest bump."
It is to be noted that some of these problems reoccurred on the three occasions that the motor home was taken out on trips. The vehicle was purchased on March 13, 1979, and returned to Coleman in mid April. During this period of time it had been in the shop for repairs on three occasions and it had been driven about 500 miles.
This court has held that "multiple defects can collectively form the basis of a redhibitory action even though many of the defects are minor or have been repaired." Davidson v. New Roads Motor Co.,Inc., 385 So.2d 319 (La.App. 1st Cir. 1980) and Cobb v. Coleman Oldsmobile, Inc., 393 So.2d 402 (La.App. 1st Cir. 1980).
The defendants contend that of the twenty complaints listed in plaintiff's petition, only five remain to be repairedthree of the five because parts are on order, and the other two they contend do not constitute a redhibitory defect. They aver that since all of the other problems were repaired, there is no defect existing now and therefore plaintiff is not entitled to a rescission of the sale citing Reiners v. Stran-Steel Corporation, 317 So.2d 657 (La.App. 3rd Cir. 1975). With the finding of the trial court that some defects still remain, we believe that our holdings in the Cobb and Davidson cases, supra, cover this argument and are controlling in this matter.
The trial court's finding that the defects were sufficient for a total rescission of the sale is a question of fact and will not be disturbed unless manifestly erroneous. Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir. 1980). We do not find any error in the trial court's finding of a redhibitory defect. On the first trip the Bonfiglios had to sleep in a motel because of the heater problem. On the second trip they lost all of the food because the refrigerator did not work. The testimony and the service orders prepared by Coleman reflect that the furnace, dash air-conditioner and cruise control were items constantly in need of repairs. When the motor home was returned to Coleman for the last time, the air-conditioner was still not working. The motor home had to be returned to Coleman for repairs after each trip. The defects were very inconvenient to Mr. Bonfiglio on each trip he took with the motor home.
The multiplicity of defects and the constant reoccurrence of some of these defects rendered the use of the motor home so inconvenient that it must be supposed plaintiff would not have made the purchase had it known of the defects. The unreliability of the vehicle is well established by the record.
Further, the seller was afforded a fair opportunity to repair the defect. Three opportunities to repair the reoccurring defects *212 are certainly sufficient under the facts of this case.
Appellant also contends that the trial court erred in not finding Coleman a seller in good faith thus disallowing plaintiff attorney's fees from Coleman. The trial court found Coleman not a seller in good faith since it failed to discover certain defects that became apparent after delivery of the motor home. In Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La. App. 1st Cir. 1975), this court stated:
"To recover attorney's fees the buyer must prove knowledge of the defect by the seller. He need not prove wilful misrepresentation. It is sufficient for the buyer to prove actual or constructive knowledge by the seller. Thus, if the seller knew or should have known of the defect and failed to declare it to the buyer, the seller is liable additionally for reasonable attorney's fees." See also La. C.C. art. 2545 and Rey v. Cuccia, 298 So.2d 840 (La.1974).
The trial court's award to plaintiff for attorney's fees is correct since it determined that Coleman should have known of the defects in its check-out procedure before delivery.
Georgie Boy contends since Coleman was found not to be a seller in good faith, it should not have a right of indemnification from it under Civil Article 2531. Article 2531 provides:
"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."
Paragraph one refers to a seller in good faith, but the right of indemnification from the manufacturer is not as restrictive. The paragraph begins, "In any case in which the seller is held liable...", we construe this to mean where the seller is not at fault in creating the defects, he is entitled to indemnity. The cases cited by the appellant refer to the defects that were attributable to the seller because of refusal to repair. Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir. 1978) and Bagwell v. Coleman Oldsmobile, Inc., 391 So.2d 1260 (La.App. 1st Cir. 1980). This is not the case here. Coleman repaired the complaints that were reported to it and no bad faith is shown on its part in refusing to repair. The record establishes that after repairs, the unit would simply fail again for causes unassociated with the repairs previously performed. Therefore, the trial court was also correct in allowing Coleman indemnification from Georgie Boy. See the Davidson case, supra.
Finally, Georgie Boy argues that the trial court erred in failing to grant it indemnification from Chrysler. As to this argument, the record is void of any evidence to support its claim. The dismissal of Chrysler from all claims was correct.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed against Georgie Boy Manufacturing, Inc.
AFFIRMED.