423 So.2d 690 (1982)
Ross E. COX
v.
LANIER BUSINESS PRODUCTS, INC. and 3M Business Products Sales, Inc.
No. 82 CA 0001.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
As Amended on Denial of Rehearing December 16, 1982.
Writ Denied February 11, 1983.
*691 Eric A. Kracht, Baton Rouge, for plaintiff-second appellant Ross E. Cox.
H. Wayne Valentine, Jerry G. Jones, Larry S. Bankston, Baton Rouge, for defendant-first appellant Lanier Business Products, Inc.
John Michael Parker, Baton Rouge, for defendant-appellee 3M Business Products Sales, Inc. Minnesota Min. and Mfg. Co.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an action in redhibition brought by the plaintiff, Ross E. Cox, to rescind the sale of a copying machine. The defendants in this action are Lanier Business Products, Inc., the vendor of the unit, and 3M Business *692 Products Sales, Inc., the manufacturer. The plaintiff is seeking recission of the sale and damages. Lanier filed a third party demand against 3M, seeking indemnity for any liability Lanier might have to the plaintiff. The trial court dismissed Lanier's third party demand against 3M and ordered Lanier to pay to the plaintiff the principal sum of $6,714.04, together with legal interest from the date of tender, damages and attorney's fees. From this judgment Lanier appealed, and plaintiff answered the appeal, seeking an increase in attorney's fees.
The record shows that plaintiff provided space for the professional use of his son-in-law, Roy Hebert. As part of an oral lease agreement for office space, Mr. Cox was to purchase and pay for a copy machine, primarily for Mr. Hebert's use. Mr. Hebert, a Certified Public Accountant, needed a machine that would reproduce high quality copies of financial reports and tax forms for his clients.
In January of 1979, a Lanier sales representative visited the plaintiff's office and demonstrated a model of the "3M Secretary II Beta Copying Machine", manufactured by 3M. The demonstrator machine produced a very high quality copy, almost indistinguishable from an original. After hearing the salesman's talk and examining the sample copies, the plaintiff purchased the machine. The act of sale was signed on January 26, 1979, for a "3M Secretary II Beta Copying Machine" at a total sales price of $6,628.18, which amount also included a maintenance service contract through April 28, 1980. The machine was delivered to Mr. Hebert's office on January 29, 1979. Shortly thereafter problems arose with the quality of the copies and the operation of the machine.
On February 9, 1979, Mr. Hebert made the first of a long series of calls to Lanier for service on the machine. Mr. Hebert testified that he called almost weekly to request service on the machine. His principal complaint was that there were black lines across either the top or the bottom of the copies. He was also dissatisfied with the overall quality of the copies and called more than once to complain of frequent streaking of the copies.
On April 23, 1979, after numerous attempts to eliminate the problems, Lanier finally removed the copier from Mr. Hebert's office and transported the unit to the Lanier shop for repairs. Meanwhile Lanier provided the plaintiff and Mr. Hebert with a substitute machine to be used until the repairs were completed.
On April 30, 1979, Mr. Cox wrote a letter to Lanier demanding that Lanier pick up all of their equipment and refund the purchase price. He received no response, and on May 24, 1979, he wrote another letter asking for a response to his demand. The next day Lanier's Baton Rouge manager replied to Mr. Cox by letter, declaring that Lanier would not bring the unit back to Mr. Hebert's office until it was 100% operable and to his satisfaction.
In August of 1979, Lanier still had the machine. At this time Lanier's service technicians had not yet eliminated the black line across either the top or the bottom edge of the copies. In August, 3M's senior field engineer, Mr. Eugene Newberg, installed a kit which virtually eliminated the problem of the black line. By admission of 3M's own expert, Mr. Newberg, this kit could cause the machine to be objectionable for use by an accountant. In order to remove the black line from the page, the kit slightly magnifies the copy of the original, and any numbers on the edge of the original would not be reproduced onto the copy. Consequently, Mr. Hebert still finds the unit objectionable and not suitable for his needs.
Even after the kit was installed, the unit was not returned to the plaintiff. Instead it remained at Lanier's place of business.
In order to maintain an action of redhibition, the plaintiff must prove that the vendor sold the thing to him, and that the thing contained a "redhibitory defect". A redhibitory defect entitling the buyer to rescind the sale is some non-apparent defect existing before the sale, in the thing sold, which renders it useless or its use so imperfect *693 that the buyer would not have bought it if he had known of the defect. The buyer may prove the existence of a redhibitory defect before the sale by direct or circumstantial evidence giving rise to a reasonable inference that the defect existed at the time of the sale. LSA-C.C. arts. 2520, 2521, 2530; Rey v. Cuccia, 298 So.2d 840 (La.1974); Womack and Adcock v. 3M Business Products Sales, Inc., 316 So.2d 795 (La. App. 1st Cir.1975).
After reviewing the evidence and considering the law, we find that the plaintiff has presented direct and circumstantial evidence from which a reasonable inference can be drawn that the defect existed at the time of the sale. The copier was delivered to the plaintiff's office on January 29, 1979, and the problems began almost immediately thereafter. The evidence shows a black line across the edge of the copies, poor quality copies, unavailability of the machine for use during a period of several months, and repeated and numerous repairs to the machine for breakdowns which the defendant's own expert admitted were due to mechanical problems in the unit. The record does not reflect all of the repairs made as it was shown that Lanier did not even record all of the service calls.
The plaintiff would not have bought the copier if he had known of the defect. The plaintiff was in need of high quality copies. Instead he received poor quality copies which were blurred and had a black line across the edges. Mr. Hebert's office work was being continually interrupted by repair calls. Three months after the machine was delivered Lanier removed it for repairs. The unit was never returned. Therefore, the machine was available for use for a period of only three months immediately after delivery, during which time Mr. Hebert experienced frequent problems. We must conclude that the plaintiff would not have bought the copier if he had known of the defect. The elements of redhibition being present, we find the trial court acted properly in rescinding the sale and ordering the purchase price returned.
The trial court, as we have stated, also awarded damages and attorney's fees against Lanier. A seller who is not the manufacturer of the product involved in an action in redhibition is not presumed to have knowledge of the vice. Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3d Cir.1979); Peltier v. Seabird Industries, Inc., 243 So.2d 112 (La.App. 3d Cir.1971). The evidence does not support a finding that Lanier had actual knowledge of the vice at the time of the sale. A seller who did not have knowledge of a defect when the sale took place is considered to have been in good faith and, hence, is only liable for the return of the purchase price and expenses of the sale, and preservation of the thing. LSA-C.C. 2531; Riche v. Krestview Mobile Homes, Inc., supra. Attorney's fees in an action in redhibition are awarded only when the seller knew of the defect and omitted to declare it. LSA-C.C. art. 2545. LSA-C.C. art. 2545; Evangeline Medical & X-Ray Distributors Corporation v. Coleman Oldsmobile, Inc., 402 So.2d 208 (La.App. 1st Cir.1981); Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La. App. 1st Cir.1975). Lanier was a seller in good faith with no knowledge of the defect, and as such is only liable for the return of the purchase price, expenses occasioned by the sale and those incurred for the preservation of the thing. Therefore, we find that the trial court erred in holding Lanier liable for attorney's fees. LSA-C.C. arts. 2531, 2545. The plaintiff in this action has incurred no damage. The only damage alleged was sustained by Mr. Hebert who had to purchase outside copies. Since Mr. Hebert is not a party to this action, we cannot grant him relief.
The manufacturer is presumed to know of the defect in the thing made by him and, therefore, is deemed to be in bad faith in selling a defective product. A manufacturer is liable to a buyer for damages and attorney's fees in addition to the purchase price and expenses occasioned by the sale and those incurred for the preservation of the thing sold. LSA-C.C. art. 2545; Rey v. Cuccia, supra.
*694 Accordingly, we hold 3M and Lanier solidarily liable to the plaintiff for return of the purchase price. We hold 3M liable to the plaintiff for reasonable attorney's fees. The trial court awarded Ross E. Cox the sum of $2,000.00 attorney's fees. This award was based upon evidence introduced as to the number of hours spent in preparing the case for trial. We feel that this amount was reasonable and within the realm of the trial court's discretion in awarding attorney's fees. See Porche v. Robinson Bros., Inc., 349 So.2d 975 (La.App. 1st Cir.1977), writ refused 351 So.2d 171 (La.1977). Ross E. Cox answered the appeal, seeking additional attorney's fees in the sum of $1,000.00 for work done on the appeal. We feel that he is entitled to additional attorney's fees for the work done on the appeal, and fix the additional attorney's fees in the sum of $1,000.00, so that the entire amount of the award for attorney's fees will be $3,000.00. Davidson v. New Roads Motor Co., Inc., 385 So.2d 319 (La. App. 1st Cir.1980), writ denied, 391 So.2d 454 (La.1980).
In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller. LSA-C.C. art. 2531; Cernigliaro v. Marquis Marine, Inc., 381 So.2d 886 (La.App. 2d Cir.1980).
A manufacturer is presumed to know the defects of the thing he manufactures and is, therefore, in bad faith and liable for attorney's fees under art. 2545. LSA-C.C. art. 2545. This includes an award of reasonable attorney's fees to an intermediate seller on a third party demand against a manufacturer. Millin v. Dawson, 387 So.2d 1213 (La.App. 1st Cir.1980); Porche v. Robinson Brothers, Inc., supra; Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3d Cir.1975), writ refused 313 So.2d 239 (La.1975). We find that $3,000.00 represents a proper amount for attorney's fees in the trial court and on appeal. Davidson v. New Roads Motor Co., Inc., supra.
Therefore, Lanier is granted relief under its third party demand against 3M. Lanier has the right of indemnity against 3M for the amount Lanier is required to pay to the plaintiff. Furthermore, Lanier is entitled to an award of attorney's fees to be paid by 3M to Lanier for the reasonable attorney's fees Lanier incurred in defending this litigation. This includes fees for services on appeal. John Deere Industrial Equipment Company v. Willet Timber Company, Inc., 380 So.2d 182 (La.App. 3d Cir. 1980), writ denied 381 So.2d 1234 (La.1980).
Accordingly, the judgment of the trial court is amended as follows:
1. The judgment of the trial court rescinding the sale of the 3M copier is affirmed.
2. Ross E. Cox is granted judgment in solido against Lanier and 3M for return of the purchase price in the sum of $6,628.18, with legal interest from April 30, 1979, the date of tender.
3. Ross E. Cox is granted judgment against 3M for attorney's fees in the sum of $3,000.00.
4. Lanier is granted judgment against 3M for any sum it is forced to pay Ross E. Cox attributable to return of the purchase price of the 3M copier.
5. Lanier is granted judgment against 3M for attorney's fees arising from Lanier's defense of this action and from its pursuit of its third party demand against 3M, said attorney's fees being fixed in the sum of $3,000.00.
6. Costs shall be borne solely by 3M.
AMENDED AND RENDERED.