FRED W. JONES, Jr., Judge.
The primary issue posed by this appeal from summary judgments in favor of defendants is whether, in an action to rescind the sale of an automobile because of alleged redhibitory defects, recovery may also be had for damages if it is proven that the vendee had a heart condition which was exacerbated by mental anguish over the car defects and that this heart problem led to his death.
In June 1978 James T. Hubbard sued Rountree-Olds Cadillac Company, Inc. (“Rountree”) to rescind the sale, because of alleged redhibitory defects, of a 1977 Cadillac purchased by plaintiff from defendant in June 1977. Plaintiff further sought damages for a deteriorated heart condition assertedly due to “anxiety, anguish and anger encountered by Petitioner as a result of having to make many returns of the vehicle to defendant ... for repairs and attempted repairs of the defects in his vehicle.” Also made defendants were General Motors Corporation (“GM”), as the manufacturer of the motor vehicle, and its liability insurance carrier.
Subsequently, Mrs. Ethel Hubbard filed an amended petition in this litigation, alleging that her husband [original plaintiff] died of a heart attack in October 1978 and substituting herself as party plaintiff to recover his damages and also to recover, individually, for his death which Mrs. Hubbard contended was due to mental anxiety over the vices in the Cadillac.
Rountree and GM filed motions for summary judgment, asking for rejection of that part of plaintiff’s demand seeking recovery for “loss of income, pain, suffering and disability, both mental and physical, medical expenses and wrongful death resulting from the alleged anguish and anxiety.”
Judgments were rendered in the district court sustaining the described motions for summary judgment, dismissing all of plaintiff’s demands for damages [generally for mental anguish allegedly resulting in wors *673 ening heart condition and subsequent death] other than those relating to return of the purchase price and attorney fees.
On appeal plaintiff argues that, contrary to the line of jurisprudence relied upon by defendants, she is not seeking damages for the purely nonpecuniary effects of mental anguish but is asking recovery for damages for the pecuniary loss occasioned by her deceased husband’s heart problems and ensuing demise. Plaintiff further contends that recovery for mental anguish resulting from redhibitory defects should be allowable under La.Civil Code Article 2545, pointing out that this codal article has been recently jurisprudentially described as a “hybrid” article under which damages in tort may be awarded under La.C.C. Article 2815 as well as damages in contract under La.C.C. Article 1934.
Article 1934 provides in part:
Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
[[Image here]]
3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor.
Prior to Philippe v. Browning Arms Company, 395 So.2d 310 (La.1981) on rehearing, our jurisprudence consistently denied damages for mental anguish over redhibitory defects in automobiles. Typical of the cases are Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976); Wallace v. Ford Motor Co., 395 So.2d 884 (La.App. 2d Cir.1981); Cobb v. Coleman Oldsmobile, Inc., 393 So.2d 402 (La.App. 1st Cir.1980). As the court in Meador explained:
“[w]e would interpret Article 1934(3) as follows: Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.”
However, in the Philippe case our state Supreme Court held:
“There is no compelling reason to require a person injured by a defective product he has purchased to proceed either in contract or in tort. The seller’s (manufacturer’s) act of delivering a defective thing, when he knows of the defect, gives rise to delictual, as well as contractual, liability.... (emphasis added)
“We conclude that the right and the extent of recovery by the purchaser of a thing against the seller or manufacturer is governed by the codal articles providing for responsibility in the seller-purchaser relationship, as applied through C.C. art. 2315.”
In light of the established jurisprudential interpretation of Article 1934(3), plaintiff would be precluded from recovery in contract for her husband’s mental anguish over the defects in the Cadillac, even though this anxiety might have resulted in a deteriorated heart condition and, finally, *674 his death. The critical question posed for our consideration is whether the rationale underlying Philippe would allow plaintiff to recover for her husband’s mental anguish-related heart condition and demise [under Article 2545] if the evidence preponderantly supported the allegations of her petition relative to the redhibitory defects and causative link between those vices and the heart problems.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966.
Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering a summary judgment. Phillips as Tutrix of Phillips v. Roy, 431 So.2d 849 (La.App. 2d Cir.1983).
Plaintiff in this case alleged that the automobile purchased from Rountree, manufactured by GM, contained numerous hidden defects which gave rise to this redhibi-tory action and that anguish over those vices aggravated the vendee’s heart condition, ultimately resulting in his death. Rather than controverting these factual assertions in some appropriate manner, in their motions for summary judgment defendants simply relied upon the pre-Phi-lippe jurisprudential rule that “damages for mental anguish and inconvenience are not recoverable in suits for redhibition.” Consequently, with the case in this posture there is no genuine issue as to a material fact. The only question is whether, upon proof of the alleged facts, plaintiff would still be denied recovery because damages of this nature are not legally recoverable in a redhibitory action.
According to Philippe, the act of delivering a defective thing when the vendor (manufacturer) knows of the defect is in itself tortious conduct. Plaintiff has adequately alleged the commission of a tort in the described manner. Whether she can successfully prove the redhibitory defects and the causative link between the alleged tort and her deceased husband’s heart condition is a matter for trial on the merits. That she may be unsuccessful is not a relevant consideration at this juncture.
In summary, although there is no genuine issue as to a material fact in the case for purposes of considering the motions for summary judgment, defendants are not entitled to summary judgments as a matter of law. For these reasons, we reverse the judgments of the district court sustaining the motions for summary judgment; overrule the motions for summary judgment; and remand the case to the district court for further proceedings consistent with this opinion. Costs of appeal are assessed to the appellees.