KLEES, Judge.
FACTS
This is a suit on a promissory note acquired by plaintiff-appellant First Homestead Savings and Loan (First Homestead) from a company known as Electronic Security Services, Inc. (ESS). The note had been executed by defendants-appellees, Kenneth L. Dent and Cassandra Dent, in consideration for a home security system that had been installed in their home by ESS. The note was subsequently transferred by ESS to First Homestead.
After defendants became delinquent in their monthly payments, First Homestead sued the appellee’s for the balance still owing on the purchase of the security system. The appellees have asserted as a defense, that the system was defective.
Appellant moved for summary judgment On the basis that the defense raised by defendants had prescribed, this motion was denied by the trial judge. At trial on the merits, the trial court again overruled an exception of prescription to the defense of redhibition, and after hearing all the evidence ruled in favor of defendants dismissing the lawsuit.
In its specifications of error to this court, appellant contends that the trial court erred in denying summary judgment and/or denying the exception urged at trial, based upon their allegation that the defenses raised by appellees had prescribed.
The note sued upon contained the following notice:
Notice: Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.
Because of this language in the note appel-lees were entitled to raise against the holder of the note whatever defenses could have been raised against the seller, including a claim of redhibitory defects. Under La.C.C.P. art. 424, however, in connection with the enforcement of a negotiable instrument “the defense of redhibition may not be used if it has otherwise prescribed.” GMAC v. Johnson, 426 So.2d 691 (La.App. 1st Cir.1983), writ denied 433 So.2d 151 (La.1983).
The burden of proving that a claim has prescribed rests on the party alleging prescription. The evidence presented in this matter was not sufficient to permit a determination of whether a claim in redhibition had prescribed. More particularly, the testimony of defendants (that First Homestead instructed them to write a letter concerning their difficulties, which they did and were waiting for a response) is believed, without further evidence we cannot determine when the prescriptive period would have begun to run. Thus considering the pleadings and the facts elicited at trial we cannot say that the *691 trial court erred in denying summary judgment or in overruling the exception of prescription.
Appellants further urge that the evidence adduced at trial was insufficient to support a judgment in favor of appellees.
It is well settled that the burden of proof rests upon the buyer resisting payment on the grounds of a redhibitory vice to establish the existence of such defects prior to the sale, and that such a vice will have rendered the merchandise useless or so inconvenient and imperfect that it must be supposed that he would not have purchased the goods had he known of its vices. Charter Company, Inc. v. Mercante, 186 So.2d 430 (1st Cir.1966); Hanna Investments Inc. v. Stovall, 171 So.2d 678 (La.App. 2nd Cir.1965); Gabriel v. Jeansonne, 162 So.2d 798 (La.App. 4th Cir. 1964); Chaignaud v. Baden, 81 So.2d 76 (La.App. 2nd Cir.1955). The buyer may prove the existence of a redhibitory defect before the sale either by direct or by circumstantial evidence which gives rise to the reasonable inference that the defect existed at the time of the sale. Cox v. Lanier Business Products, Inc., 423 So.2d 690 (La.App. 1st Cir.1982), writ denied 429 So.2d 129.
The standard to determine the sufficiency of the evidence is “when taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.” Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (La.1971); Cutrer v. Kentwood Motors, Inc., 351 So.2d 817 (La.App. 1st Cir.1977).
At trial, Mr. Dent testified that the security system had never worked properly, and that he called to report the malfunction. The security system people went to appellee’s house to make the necessary repairs, but afterwards the system was still not in proper working order. Appellee testified that he called again to report that the system wasn’t working, but he did not hear from the appellant until they called him about delinquent payments. At that time he orally notified them that the system was not functioning. They responded by suggesting that he write a letter explaining the same, which appellee’s wife did. He was, however, unable to produce a copy of the letter.
Mrs. Cassandra Dent corroborated her husband’s testimony about the phone call from appellant and the letter, which she handwrote and mailed to First Homestead telling them that the alarm system didn’t work, and further requesting that they come remove it. On cross-examination, Cassandra Dent testified that the letter was mailed a couple of months after the system was installed.
William Lattitear, an ESS employee, testified that their records indicated no dissatisfaction with the system. However, in further response to direct examination he revealed that a service representative was sent to appellees’ home subsequent to the initial installation on July 28, 1981, to “install a tape and test it.”
On cross-examination Mr. Lattitear admitted that he did not personally install the system, and that his information was based upon company records.
The appellant presented no other witnesses to rebut appellees’ allegations that the system was not in proper working order.
To prevail in an action for redhibition, as mentioned earlier, a buyer must establish that the thing sold is absolutely useless for its intended purpose or that it is so inconvenient to use that it must be supposed that a buyer would not have made the purchase had he known of the defects.
Further, the buyer must show that the defects existed at the time of purchase, but were neither known nor apparent to him and, that the seller could not or would not correct the defects when given an opportunity to do so. The trial judge chose to believe appellees’ testimony that they had made good faith attempts to have the system repaired.
The testimony is uncontroverted that the alarm system was in need of repair and was, in fact, repaired shortly after its pur *692 chase by the representatives of the company. The nature and extent of the defect is obscure from the evidence, but a witness for the plaintiff-appellant testified that the company records show that they had to send a repairman out to the house to inspect and repair a portion of the system, namely the “tape”.
Unfortunately, this line of questioning was abandoned and no further specifics about the redhibitory defect were brought out.
Appellant denies any further correspondence between the parties. Appellees deny that the system was satisfactorily repaired, and testified that oral and written notice was made to appellant within the next three months. Appellant denies receipt of any notice, and the matter remained dormant for nearly two years.
In Clinkscales v. Superior Pontiac GMC, Inc., 365 So.2d 895 (La.App. 4th Cir. 1978), our court agreed that it is our settled law that a plaintiff need not introduce expert testimony to prove the underlying cause of an alleged misfunction but need only prove the defect or malfunction existed at the time of the sale. Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Crawford v. Abbott Automobile Company, 101 So. 871 (La.1924). Also in Mattes v. Heintz, 69 So.2d 924 (Court of Appeal of La., Orleans, 1954), this court said at 927:
“... The language of LSA-C.C. art. 2530 does not mean that the buyer must prove by eyewitness the existence of the vice before the sale, or that such a vice was known to exist. The court may take into consideration such surrounding circumstances as may appear and deduce therefrom the fact of the existence of the vice prior to the sale.”
The facts as presented in this record are completely devoid of any evidence of a redhibitory vice, save the testimony of defendants-appellees, who stated that the system “didn’t work”. The evidence shows that they made one complaint to ESS after the installation of the system. ESS promptly responded to this complaint. Defendants-appellees further testified that they called in again but no one responded to this call. No more complaints were made until First Homestead called several months later to inquire why no payments were being made on the note. We are of the opinion that the defendants-appellees failed to establish by a clear preponderance of the evidence that the failure was because of redhibitory vices and the trial court was clearly wrong in its conclusions that plaintiff had not overcome its burden of proof.
Accordingly, the judgment dismissing plaintiffs lawsuit at its costs is hereby reversed and vacated and there will be judgment against Kenneth L. Dent and Cassandra Dent in solido, and in favor of First Homestead Federal Savings and Loan Association in the full sum of One Thousand Five Hundred Seventy Two and 25/100 ($1,572.25) dollars, together with interest at the rate of 16.5% per annum from April 21, 1983 to May 5, 1985 and thereafter at the rate of 8% per annum until paid with 25% attorney’s fees and all costs of these proceedings.
REVERSED AND RENDERED.
REDMANN, C.J., dissents.