945 So.2d 95 (2006)
REVELLE SHIPPING AGENCY, INC.
v.
BENT'S MARINE, INC. a/k/a Bent Enterprises, Inc., Brunswick Corporation, American Marine Holding, Inc.
No. 06-CA-403.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*96 Michael W. Whitehead, Attorney at Law, Covington, Louisiana, for Plaintiff/Appellee.
Marc E. Devenport, Burglass & Tankersley, L.L.C., Attorney at Law, Metairie, Louisiana, for Defendant/Appellant.
Glen Ansardi, Ansardi, Maxwell & Power, Kenner, Louisiana, for Defendant/Appellant.
C.G. Norwood, Jr., Patrick J. O'Cain, McGlinchey Stafford PLLC, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
A. Gordon Grant, Jr., Michael P. Arata, Montgomery, Barnett, Brown, Read, Hammond & Mintz, L.L.P., Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Parties to this action in redhibition appeal the trial court's award of attorney's fees, costs, expert fees, and costs incidental to the sale of the vessel at issue after remand by this Court. For the following reasons, the judgment of the trial court is amended, and we affirm as amended.

FACTS AND PROCEDURAL HISTORY
This case, an action in redhibition, appears before us for the second time on appeal. The underlying facts of the case, recounted in detail in our previous opinion, are not in dispute. Of particular relevance, however, are our findings in that previous opinion, wherein we determined that, appellant, Bent's Marine, Inc. ("BMI"), was a bad-faith seller to the extent that it sold the vessel to plaintiff, Revelle Shipping Agency, Inc. ("RSA"), *97 without recommending a galvanic isolator to prevent corrosion. We further held, pursuant to Evangeline Medical & X-Ray Distrib. Corp. v. Coleman Oldsmobile, Inc.,[1] that BMI was a good-faith seller with respect to the vessel and engine manufacturers' defects and, therefore, the trial court was correct in ordering third-party defendants, American Marine Holding, Inc. ("AMH") and Brunswick Corporation ("Brunswick"), to indemnify BMI.
Our opinion[2] previously concluded:
For the foregoing reasons, we affirm the trial court judgment in favor of RSA and against BMI awarding a refund of the purchase price totaling $99,048.00; all costs incidental to the sale; repair costs of $17,525.20; damages for non-use totaling $40,000.00; attorneys fees; and costs of the lower court proceedings and judicial interest from the date of demand. We amend the trial court judgment and order RSA to return the vessel immediately to BMI. We also affirm the trial court's award in favor of third-party plaintiff, BMI, and against the engine manufacturer, Brunswick, for $40,000.00 and the award in favor of third-party plaintiff, BMI, and against the vessel manufacturer, AMH, for $100,000.00.
Finally, it appears from the record that there is an outstanding motion to fix attorneys fees, costs, expert fees, and costs incidental to the sale of the vessel so we remand to the trial court for a hearing on that motion and further proceedings consistent with this opinion. . . . 
(Emphasis added.)
On remand, the plaintiff, RSA, filed a Motion to Fix Attorney's Fees, Costs, Expert Fees and Costs Incidental to the Sale of the Vessel. Following a hearing on December 5, 2005, the trial court made the following awards to RSA: $50,000 for attorney's fees and interest; $17,000 for expert fees, deposition costs and court costs plus judicial interest; $13,664.20 for reimbursement of interest payments and closing costs on the vessel; $9,842.25 for reimbursement of insurance premiums expended to preserve the vessel; $3,655.32 for reimbursement of dockage fees and incidental and supply expenses expended to preserve and maintain the vessel.
The trial court awarded $30,000 in favor of BMI against the third-party defendants, AMH and Brunswick, for a total of $60,000 for indemnification of additional expenses. The trial court further denied BMI's request for attorney fees in its third party demand.
BMI, RSA, AMH and Brunswick all timely appeal different aspects of the trial court's judgment.

LAW AND ARGUMENT
In its lone assignment of error, BMI asserts that the trial court erred in failing to award full indemnification to BMI against AMH and Brunswick.
In its Answers to BMI's appeal, both AMH and Brunswick assert that the trial court lacked the legal authority to issue the respective judgments at issue against them and, therefore, the judgments should be vacated. Brunswick further argues that the trial court's judgment is erroneous *98 because the amount it awards to the plaintiff, RSA, and to BMI is excessive.
In its Answer to BMI's appeal, RSA requests an increase in the trial court's award of attorney's fees together with interest.
We first consider AMH and Brunswick's argument that the trial court lacked jurisdiction to render judgment against them. Specifically, these third-party defendants assert that the respective $30,000 awards against them on remand in the trial court's January 9, 2006 Judgment constituted an unlawful amendment to the prior final judgment of March 15, 2005, which was previously affirmed by this court.
LSA-C.C.P. art.1951 provides: "A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation."
In its January 9, 2006 Judgment, the trial court addressed the very issue of whether it was violating the provisions of LSA-C.C.P. art.1951.
The language of the Fifth Circuit clearly contemplates that further proceedings in this Court would be had and further liability regarding the motion to fix costs would attach. It is the position of this Court that the remaining liability while referenced in the language of the original decree is not an amendment to the original judgment, but rather a new judgment that could not be cast against Bent Marine until a hearing could be conducted. While American Marine and Brunswick are correct in holding the May 21, 2004 judgment as final and fully satisfied, American Marine and Brunswick's argument lacks merit regarding further liability pursuant to the motion to fix costs incidental to the sale of the vessel.
We find that the trial court correctly interpreted the prior directive of this Court, and further adopt the trial court's reasoning that AMH and Brunswick could be cast for additional damages pursuant to LSA-R.S. 32:773.2, which, in relevant part, provides:
(C)Notwithstanding the terms of any franchise, selling, or other contractual agreement, each manufacturer shall indemnify and hold harmless its dealers against any judgment for damages, including but not limited to court costs and reasonable attorney fees of the dealer, arising out of complaints, claims, or lawsuits including but not limited to strict liability, negligence, misrepresentation, express or implied warranty or rescission of sale to the extent that the judgment arises out of alleged defective or negligent manufacture, assembly, or design of motorcycles, all-terrain vehicles, trailers, motor homes, recreational vehicles, travel trailers, marine products, parts, or accessories or other functions by the manufacturer, which are beyond the control of the dealer.
(Emphasis added.)
Also correctly noted by the trial court is BMI's right to recovery against AMH and Brunswick under LSA-C.C. art. 2531, which states:
A seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition. Any contractual provision that attempts to limit, diminish or prevent such recovery by a seller against the manufacturer shall have no effect.
*99 Having found that it was permissible for the trial court to award further damages against AMH and Brunswick in its January 9, 2006 judgment, we next consider whether the amounts awarded by the trial court were excessive, as Brunswick suggests, or whether the trial court erred in failing to award full indemnification to BMI, as BMI argues in its assignment of error.
The trial court's January 9, 2006 judgment details awards in two categories of those costs related to the litigation and costs incidental to the sale of the vessel. As previously noted, the trial court awarded RSA $50,000 for attorney's fees and interest; $17,000 for expert fees, deposition costs and court costs plus judicial interest, for a total of $67,000. The court also awarded $13,664.20 for reimbursement of interest payments and closing costs on the vessel; $9,842.25 for reimbursement of insurance premiums expended to preserve the vessel; $3,655.32 for reimbursement of dockage fees and incidental and supply expenses expended to preserve and maintain the vessel, for a total of $27,161.77.
Brunswick maintains that of the damages enumerated above, only those costs associated with sale and preservation, $27,161.77, are subject to BMI's indemnity claim because "any award of attorney's fees must rest on Bent's statuslimited though it may beas a `bad faith' seller." Conversely, BMI asserts that, pursuant to our previous reliance on Evangeline Medical & X-Ray Distrib. Corp. v. Coleman Oldsmobile, Inc., supra, this Court should not only provide for a full reimbursement of all the damages it has to pay to RSA but that we should also award BMI all of its own attorney's fees as well.
After a review of the record and applicable jurisprudence, we first affirm the trial court's $94,161.80 award to RSA. As we reasoned in our previous opinion:
We reiterate that the manufacturer of a product is presumed to know the product had a redhibitory defect and, as such, is liable under La. C.C. art. 2545. While we agree that BMI was in bad faith with regard to the sale of the vessel to RSA for delivering the vessel with no corrosion protection, the record does not support finding that BMI was in bad faith with regard to the other redhibitory defects that were present in this vessel. We agree with the trial court's finding that the defective fuel supply system design and hatch design were the sole responsibility of the vessel manufacturer, AMH. The record also reflects that Brunswick was responsible for redhibitory defects because it manufactured the engine with the defective longblock and, further, knew that its EFI engines were incompatible with the fuel supply system designed by the vessel manufacturer.
These defects were not, in fact, connected. In essence, BMI was a good faith seller with respect to the vessel and engines manufacturers' defects and, therefore, the trial court was correct in ordering AMH and Brunswick to indemnify BMI. See, Evangeline Medical & X-Ray Distributors Corp. v. Coleman Oldsmobile, Inc., 402 So.2d 208, 212 (La. App. 1[st] Cir.1981).[3]
In our previous opinion, we affirmed the trial court's judgment that held BMI liable for $16,573.20 of a $156,573.20 award, representing approximately 10.6 percent of that award. In affirming the award set forth in the trial court's January 9, 2006 judgment, however, we note that BMI's share of the damages, minus the *100 respective $30,000 awards against AMH and Brunswick in favor of BMI, is $34,161.80, or approximately 36.3 percent. We find that, under the facts of this case, the trial court erred in not consistently apportioning liability among the parties in accordance with its previous judgment; accordingly, we reduce BMI's share of the current judgment to $9,981.15. Further, in keeping with the trial court's original allocation of responsibility for indemnification, we hereby amend the trial court's judgment to award $60,169.39 against AMH, representing approximately 63.9 percent of the judgment, and we amend the award against Brunswick to $24,011.26.
We find no error in the trial court's denial of BMI's own attorney's fees, and find no merit in BMI's argument that they are owed further reimbursement beyond what we have detailed above.
In all other respects, the judgment of the trial court is affirmed.
AMENDED; AFFIRMED AS AMENDED
GUIDRY, J., concurs with reasons:
I respectfully concur in the result reached by the majority. I agree that the trial court, on remand, did not err in rendering judgment in favor of BMI and against Brunswick and AMH for indemnification for part of the attorney's fees, costs and interest assessed against BMI. Since the liability of Brunswick and AMH to BMI rested on indemnification principles, the amount owed for these additional expenses could not be determined until BMI was cast in judgment for them. Therefore, the fact that Brunswick and AMH were originally cast in judgment for a definitive amount did not preclude the trial court from rendering judgment on remand against them for the additional expenses.
NOTES
[1] 402 So.2d 208, 212 (La.App. 1st Cir.1981).
[2] Revelle Shipping Agency, Inc. v. Bent's Marine, Inc., et al, 04-1274 (La.App. 5 Cir. 3/15/05), (NDP), p. 26, 896 So.2d 372. The record indicates that BMI's Application for Supervisory Writs (No.XXXX-XXXX) for this opinion was denied at 904 So.2d 742 (La.6/24/05).
[3] Revelle Shipping Agency, Inc. v. Bent's Marine, Inc., supra, at pp. 25-26.