ELLIS, Judge:
This is an action in quanti minoris, in which plaintiff Nathan E. Leathers seeks a reduction in the purchase price of a mobile home, manufactured by Clinton Manufacturing Corp., and purchased by plaintiff from Mobile Home Brokers, Inc., both of which were made defendants herein. Service was not made on Clinton, and the case was tried on its merits with Brokers only. From a judgment in favor of plaintiff, awarding $3,212.50 plus $1,070.83 as attorneys’ fees, Brokers has appealed.
On May 12, 1972, plaintiff ordered a mobile home from Brokers, which was to be manufactured to plaintiff’s specifications by Clinton. The total cash price, including tax and delivery, was $12,387.78. According to plaintiff the unit was to be complete except for the cabinet work, which was to be done by plaintiff. This work included the installation of the kitchen stove and the bathroom lavatories.
Defendant’s version of the contract was different. According to the testimony of its witnesses, plaintiff purchased a “stripped” unit, with no cabinets and all plumbing stubbed off at the floor. Plaintiff was to build his own cabinets, install the plumbing, and install the heating and air conditioning unit.
The trial judge found that the contract was as testified to by plaintiff, and we accept his finding in that respect. His rulings on the individual items of damages are necessarily related to his finding relative to the overall contract, but must be discussed individually.
An award of $327.00 for installation of the air conditioning and heating unit was made. Brokers claims it was not supposed to make the installation. The record and the holding of the trial judge are to the contrary. We find no error.
Plaintiff testified that defendant failed to deliver $251.00 worth of items, which plaintiff was forced to purchase himself. Defendant claims no contractual obligation to deliver these items. We find no manifest error in the finding of the trial judge to the contrary.
The same is true of the cost of an exhaust fan over the stove. The trial judge found that it should have been included in the contract.
Most of the defects of which plaintiff complained were remedied by him using his own labor. Charles Voclain, an expert in mobile home repair, testified as to what he would charge to remedy the said defects.
Plaintiff testified that there were no wires connecting eight of the electric outlets in the walls of the unit, and that he installed the necessary wiring. Mr. Voclain testified that he would charge $425.00 to do the work.
Mr. Voclain testified that it would cost $375.00 to connect the electric service line to the trailer, and $290.00 to connect the electric service line to the air conditioning unit. Defendant’s witnesses testified that they did not as a rule connect the service lines to all-electric units, such as plaintiff’s, and had no contractual obligation to do so in this case. We find no manifest error in the trial judge’s finding to the contrary.
*970 The same is true as to the forced air vent over the stove, which Mr. Voclain testified would cost $150.00.
Two items concerning which Mr. Vo-clain testified, and which the judge awarded, are not substantiated by the record. One of these is a charge of $510.00 for rebuilding six shelves. Plaintiff did not testify that this was necessitated by any defect in the unit, or that it was done at all. The other is a charge of $35.00 for a door step. Plaintiff did not testify that the step was not delivered, and defendant’s witness testified that the door step was in the unit when it was delivered.
No complaint was made as to the other items testified to by Mr. Voclain. The trial judge allowed $120.00 additional to apply “Kool-Seal” to the roof to stop leaks. This item should not have been allowed, since Mr. Voclain included $90.00 for the same thing in his estimate. The total of all items' which should have been awarded by the trial judge comes to $2,547.50.
Generally speaking, the proper measure of damages in an action in quanti minoris is the difference between the value of the thing sold in its defective state and its value as warranted. Lemonier v. Coco, 237 La. 760, 112 So.2d 436 (1959). Various factors should be considered in arriving at the reduction in price to be made, including expert testimony as to the value of the thing with its defects; cost to restore the thing to its warranted condition; and actual damage caused by the defects. See Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir., 1975); Williamson v. Strange, 323 So.2d 875 (La.App. 2nd Cir., 1975); Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir., 1974).
In this case, we think the trial judge was correct in finding the cost to restore the unit to warranted condition to be a proper measure of damages.
We recognize that some of the so-called latent defects complained of herein were, in fact, readily discoverable, and that plaintiff’s cause of action for those defects would be in breach of contract rather than in redhibition. However, since the measure of damages in each case would be the same, we have made no attempt to differentiate among them.
Defendant also alleges that it should not have to pay attorneys’ fees. Article 2545 of the Civil Code provides:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
The courts have interpreted the foregoing article to mean that a seller who knows or should know of a defect, and who failed to declare it to the buyer, is liable for attorneys’ fees. Wade v. Mclnnis-Peterson Chevrolet, Inc., supra. Defendant argues that it had no knowledge of the defects complained of. This may be true as to some of the items, but the major items of complaint should have been done under the original contract, to which defendant was a party, and were not properly carried out. Defendant is therefore charged with knowledge thereof and is liable for attorneys’ fees. However, we reduce the amount thereof to one-third of the reduction in price, or $849.16.
The judgment appealed from is therefore amended so as to reduce the amount thereof to $2,547.50 and the attorneys’ fees to $849.16, and, as amended, it is affirmed. Costs of this appeal shall be equally shared by plaintiff and defendant.
AMENDED AND AFFIRMED.