387 So.2d 1213 (1980)
Thomas D. MILLIN et al.
v.
Robert C. DAWSON, III, d/b/a Bob Dawson's Garden Homes et al.
No. 13401.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearing Denied September 4, 1980.
*1214 Stewart M. Thomas, Jennings, for plaintiffs-appellants Thomas D. Millin and Cheryl R. Millin.
Joseph R. Raggio, Baton Rouge, for defendants-appellants Robert C. Dawson, III dba Bob Dawson's Garden Homes, Inc. and Bob Dawson's Garden Homes, Inc.
Sera H. Russell, III, Baton Rouge, for third-party defendant-appellee Celtic Corp.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is a suit to rescind the sale or reduce the price of a defective mobile home purchased by the plaintiffs, Thomas D. Millin and his daughter, Cheryl R. Millin, from the defendant, Bob Dawson's Garden Homes, Inc. (Dawson). The defendant filed a third party demand against the mobile home manufacturer, Celtic Corporation. From a trial court judgment in favor of the plaintiffs, Dawson has appealed. The Millins have answered his appeal and appealed on their own. Celtic Corporation answered both appeals.
The plaintiffs purchased the mobile home from the Dawson dealership on December 2, 1977, for $14,859.08. During their inspection of the home prior to closing of the sale, they spotted almost all of the defects complained of in this litigation. These defects were typed on to the purchase agreement as items to be corrected by Dawson, presumably at or near delivery. One major defect went unnoticed by the Millins in their presale inspection: a quarter-inch seam in the vinyl flooring rippled across the width of the home in the kitchen-living room area.
*1215 Listed on the purchase agreement as defects to be cured by Dawson were "touch-up and repaint exterior masonite panel to match existing panels, waterproof and seal as required. Stop leaks over living room and kitchen windows and replace Celotex ceiling panels as required. Install eight (8) anchors and level house. Include white steps, replace hot water door."
During delivery of the home to the Millins' property the towing truck became stuck in a muddy ditch after backing the mobile home into a fence surrounding the plaintiffs' lot. As a result of this incident, the trailer tongue was bent. The tongue has not been repaired.
Upon taking delivery of the trailer, the Millins noticed that few, if any, of the defects they had noticed had been repaired by Dawson. They also noticed the floor seam for the first time. Attempts to have the defects repaired were unsuccessful, and the Millins brought this suit.
The fact that the mobile home purchased by the plaintiffs contained a number of defects is not seriously questioned. The trial judge found that, while the defects were not sufficient to merit rescission of the contract because of redhibitory defects, they were of sufficient substance to allow the plaintiffs a reduction in the purchase price, as well as damages for repair of the various defects. He ruled that Dawson and Celtic Corporation would be solidarily liable for $400.00 to repair the seam that developed in the mobile home floor. On Dawson's third party demand against Celtic, the court cast Celtic for the $400.00 floor seam damage charge, apparently concluding that the floor seam was a manufacturing defect. Additionally, the court cast Dawson alone for $1,338.50. Though we have no indications from the written reasons or from the judgment as to how the trial court arrived at the damages, our calculations indicate that he assessed Dawson $1,000.00 for a reduction in purchase price and the remaining $338.50 for the following repairs: leveling, $25.00; bleaching and touching up the stained ceiling tiles, $25.00; repair of a hutch and the cabinet, $9.00; repair of leaks, $12.50; repair of exterior seams, $55.00; repair of the hot water heater door, $12.00; repair of the tongue, $100.00; and repair of panels, $100.00.
Finally, the trial court cast Dawson alone for $1,200.00 in attorney fees for the plaintiffs' counsel. Dawson was also required to bear the costs of the case.
On appeal Dawson claims the trial court erred in denying its third party demand against the manufacturer for all sums that Dawson was required to pay to the plaintiffs; that the court erred in not allowing Dawson to recover the attorney fees it was required to pay to the plaintiffs and the attorney fees of its own attorney; that the trial court erred in awarding the plaintiffs $1,738.50 for damages and reduction in the purchase price; and that the trial court erred in assessing the costs against Dawson alone.
The plaintiffs answered that portion of the defendant's appeal which sought a reduction in the damages, seeking instead to have the trial court's award affirmed. The plaintiffs also appealed and asked for attorney fees for answering the appeal and handling other appellate matters in this case.
Celtic Corporation seeks to have the $400.00 judgment against it reversed. Celtic's primary argument is that Dawson's president was aware of the floor seam before the sale was consummated, but did not inform the Millins of this defect. As a result, Celtic claims that Dawson's right to indemnity from the manufacturer under La.C.C. art. 2531 is inapplicable in this case because Dawson knew of all of the vices in the thing he sold.

DAMAGES
The trial court's apparent conclusion that the floor seam was a redhibitory defect is supported by the evidence in the record. The floor seam was a hidden defect which went unnoticed by the plaintiffs until the trailer was delivered. However, the seller had express knowledge of its existence prior to the sale and the manufacturer was presumed to have knowledge of its *1216 existence. Porche v. Robinson Brothers, Inc., 349 So.2d 975 (La.App. 1st Cir. 1977), writ refused, 351 So.2d 171 (La.1977). The trial court correctly cast both defendants in solido for the floor seam damage and correctly allowed Dawson's third party claim against Celtic for the $400.00.
Celtic's claim that the manufacturer should escape liability for the defects if the dealer learns of the defects prior to the sale to the ultimate customer is untenable. The fact that the seller also knows of the defects in the thing that the manufacturer has manufactured has no effect on the relationship between the dealer and the manufacturer. Under La.C.C. art. 2531, in any case in which the seller is held liable for redhibitory defects (or a reduction in the price in damages), the seller has a right to indemnity against the manufacturer for the damages he is required to pay to the consumer.
We disagree, however, with the trial court's damage assessment against Dawson. As noted above, the court found Dawson solely liable for $1,338.50, with $1,000.00 of that figure representing a reduction in the purchase price. The items of damage for which Dawson was cast were all apparent defects for which the action in redhibition is not allowed. La.C.C. art. 2521. And because the action for reduction in price is subject to the same rules as a redhibitory action, La.C.C. art. 2544, there can be no action for reduction in price when the defects complained of are apparent defects. Dawson bound itself contractually to repair the damaged items listed on the purchase agreement. Dawson was bound either contractually or in tort for the damages incurred during delivery. The trial court erred in assessing $1,000.00 for a reduction in the purchase price against Dawson, and the award against Dawson solely shall be reduced to $338.50. As to Dawson's claim that damages for some of these defective items should be cast against the manufacturer, we find that Dawson has failed to prove that these defects were caused in the manufacturing process.

BUYER'S ATTORNEY FEES
Under Article 2545 of the Civil Code, the seller who knows the vice of the thing he sells and omits to declare it is answerable to the buyer for reasonable attorney's fees, among other things. Both the seller and the manufacturer in this case knew either actually or presumptively of the redhibitory defect in the trailer. The $1,200.00 award for attorney's fees should therefore be assessed in solido against both the seller and the manufacturer. The seller, however, should be awarded judgment on his third party demand for the full amount of the attorney fees. Additionally, the award to the plaintiffs shall be increased by $500.00 for their attorney's fees on appeal. Again, both defendants will be cast solidarily liable for this amount of attorney's fees, and Dawson will be awarded judgment in like amount on its third party demand against Celtic.

VENDOR'S ATTORNEY FEES
Under the holding of Porche v. Robinson Brothers, Inc., supra, the vendor in a redhibition action is allowed to obtain attorney's fees from the manufacturer who is responsible for the redhibitory defects sued upon. We find that Dawson should be allowed a judgment of $600.00 against Celtic for the attorney's fees Dawson incurred in defending this litigation.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, amended and recast as follows:
IT IS ORDERED, ADJUDGED and DECREED, that there be judgment on the main demand in favor of plaintiffs, Thomas D. Millin and Cheryl R. Millin, and against defendants, Bob Dawson's Garden Homes, Inc., and Celtic Corporation, in solido, for the sum of Four Hundred and No/100 ($400.00) Dollars, together with the legal interest from date of judicial demand until paid, plus attorney's fees in the sum of One Thousand Seven Hundred and No/100 *1217 ($1,700.00) Dollars, together with legal interest thereon from November 15, 1979, until paid.
IT IS FURTHER ORDERED, ADJUDGED and DECREED, that there be judgment on the main demand in favor of plaintiffs, Thomas D. Millin and Cheryl R. Millin, and against defendant, Bob Dawson's Garden Homes, Inc., for the additional sum of Three Hundred Thirty Eight and 50/100 ($338.50) Dollars, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED and DECREED, that there be judgment on the third party demand in favor of third party plaintiff, Bob Dawson's Garden Homes, Inc., and against third party defendant, Celtic Corporation, for the sum of Four Hundred and No/100 ($400.00) Dollars, together with legal interest from date of judicial demand until paid, plus the additional sum of One Thousand Seven Hundred and No/100 ($1,700.00) Dollars, together with legal interest thereon from November 15, 1979 until paid.
IT IS FURTHER ORDERED, ADJUDGED and DECREED, that there be judgment on the third party demand in favor of third party plaintiff, Bob Dawson's Garden Homes, Inc., and against third party defendant, Celtic Corporation, for the sum of Six Hundred and No/100 ($600.00) Dollars, together with legal interest from date of this judgment until paid.
AND IT IS FURTHER ORDERED, ADJUDGED and DECREED that Bob Dawson's Garden Homes, Inc. and Celtic Corporation pay equally all costs of this proceeding.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND RENDERED.