LEAR, Judge.
This appeal involves rescission of a contract of sale of a recreational vehicle and cancellation of a chattel mortgage and promissory note.
The facts necessary for determination of the issues are as follows:
On December 9, 1977, plaintiff purchased a new Pace Arrow motor home from Camper Village, Inc. (Camper Village). The motor home was manufactured by Pace Arrow of Indiana, Inc. (Pace Arrow), mounted on a Dodge truck chassis manufactured by Chrysler Corp. (Chrysler).
National Financial Corporation of Louisiana (now Citicorp Person to Person Financial Center, Inc. and hereinafter referred to as “Citi”) financed the purchase and held a chattel mortgage on the vehicle.
Pace Arrow filed a third party petition against Chrysler and Camper Village. Citi filed a third party petition based on its “dealer agreement” against Camper Village seeking re-purchase of its chattel mortgage.
The court rendered judgment as follows: On the main demand in favor of plaintiff and against Camper Village and Pace Arrow, in solido, rescinding the purchase contract plus judgment in the sum of $7,104.08 against said defendants, in solido, representing the down payment and monthly installments paid by plaintiff less $2,500.00 for use of the vehicle. The court further awarded attorney fees in the sum of $4,646.16. The court further gave judgment to plaintiff and against Citi rescinding the contract of chattel mortgage and note.
On Citi’s third party demand against Camper Village, the court gave Citi judgment ordering Camper Village to re-purchase the contract and awarding Citi $1,800.00 in attorney fees.
Camper Village was granted judgment against Pace Arrow for all sums, attorney fees and interest payable by Camper Village in the suit plus attorney fees of $4,525.00.
All other demands were dismissed and Pace Arrow was assessed for all costs.
The defects complained of by plaintiff were numerous. These were: A leak in the window over the sink and around the bathroom vent; non-functioning of outside lights; the engine oil level light did not work; the engine temperature and transmission temperature did not work; the brakes were dragging; the refrigerator did not perform properly; the generator (power plant) was insufficient; the windshield wiper spray did not work; the air conditioner leaked into the interior of the motor home; the carpet was soiled; the dashboard vibrated; and the alternator did not function.
Plaintiff also complained of two scratches on the exterior of the vehicle and a broken speedometer. Plaintiff alleges that he returned the vehicle to Camper Village at least twenty times during the ten months he operated it and that the alleged defects were not corrected.
Two of the basic codal provisions concerning this issue are LSA-C.C. 2520 and 2521, which provide as follows:

“C.C. 2520

“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”

“C.C. 2521

“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
Plaintiff testified that, prior to the sale, he was aware of the following defects:
1. Exterior scratches;
2. Non-functioning of the outside, porch (entry) lights;
3. Non-functioning of the oil, engine temperature, transmission temperature and coolant level gauges or lights;
4. Dragging brakes;
*510 5. Problems with generator (power plant).
As to these defects, even if proven, we find that they were apparent (known to plaintiff) at the time of sale, and are therefore not redhibitory vices.
Further, as regards the generator (power plant), one of the experts who testified, Mr. Niblick, found no problem with the generating unit. The evidence also indicated that this unit was replaced. Expert testimony, with regard to the generating unit, also indicated that it required certain routine maintenance. While stating that this maintenance “must have been done,” plaintiff could not recall where, when or how maintenance to the generating unit was performed.
Plaintiff next complains of window leaks and bathroom vent and air conditioning unit leaks. Again, expert testimony from Mr. Niblick indicated that the caulking around these exterior openings would dry out and crack and that over a period of time exterior windows and vents would develop leaks unless, through normal maintenance, they were periodically sealed to prevent such leaking. Plaintiff offered no evidence that such routine maintenance had been performed.
Even if it is assumed that these leaks were present at the time of sale, we do not believe that they are of such a nature or extent as to be redhibitory. See Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir., 1975); Margan v. Precision Motors, Inc., 317 So.2d 664 (La.App. 4th Cir., 1975).
Other problems complained of by plaintiff were malfunction in the windshield wiper spray device and the refrigerator. Again, even if proven to have existed at the time of sale, we do not believe that these types of defects are sufficiently serious to justify rescission of the sale. See Rankin v. Blanchard, 349 So.2d 968 (La.App. 1st Cir., 1977).
Lastly, plaintiff complained of a problem with the alternator, and claimed that the entire engine failed on three occasions. There appears to be some conflict in the testimony as between plaintiff, who indicated that the engine failed on three occasions, and plaintiff’s wife, who recalled that this problem occurred only once, a few days before the vehicle was returned to defendant Camper Village.
As regards whether the defect existed at all, two expert witnesses, Mr. Niblick and Mr. Lemings, testified that this type of problem is generally attributed to a wire becoming loose during the normal use of the vehicle. And, Mr. Lemings testified that he drove the unit on two occasions without experiencing any engine failure.
Even if plaintiff’s testimony, that this problem occurred on three occasions, is accepted, we find no evidence indicating that this defect existed at the time of sale. Plaintiff failed to carry his burden in this regard. Nor did plaintiff afford defendants the required opportunity to repair this defect prior to the filing of this suit. See Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 523 (La.App. 3rd Cir., 1976).
Considering the nature and extent of the complained of defects, plaintiff’s admitted knowledge of the majority of these defects and plaintiff’s failure to show the required routine maintenance, we find that the judgment of the trial court is clearly wrong in holding that the complained of defects warrant rescission of this sale. We do, however, find that a reduction in price is warranted, and this suit should be remanded to the trial court for further evidence as to the amount of the reduction in price. See Cassey v. Arnaudville Industries, Inc., 393 So.2d 15 (La.App. 1st Cir., 1980); Leathers v. Mobile Home Brokers, Inc., 382 So.2d 967 (La.App. 1st Cir., 1980); Ark-La-Tex Builders & Realty v. Hoge, 344 So.2d 90 (La.App. 2nd Cir., 1977).
The judgment of the trial court is hereby reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
All costs are to be paid by plaintiff-appel-lee, Richard Hawkins.
REVERSED AND REMANDED.