428 So.2d 1145 (1983)
R. Carl ABSHIRE, et al.
v.
W.D.L. INVESTMENTS, INC., et al.
No. 82 CA 0465.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied May 13, 1983.
*1146 William D. Grimley, Baton Rouge, for plaintiffs-appellees R. Carl Abshire, et al.
Susan Dowden, Guy A. Modica, Baton Rouge, for defendants-appellants W.D.L. Investments, Inc., et al.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
Defendant W.D.L. Investments, Inc. appeals a judgment from the Nineteenth Judicial District Court which awarded plaintiffs Mr. and Mrs. Carl Abshire an $8,191.72 reduction in the purchase price of their home plus attorney fees in the amount of $2,000. Plaintiffs have answered defendants' suspensive appeal seeking additional attorney fees for the prosecution of the appeal.
This suit is the result of some fourteen alleged redhibitory defects which plaintiffs claim to have discovered in the house which they purchased from defendant W.D.L. Investments on December 8, 1977. Plaintiffs filed suit on November 13, 1978, originally seeking a rescission of the sale and the return of their purchase price, financing expenses and closing costs. In the alternative, plaintiffs sought a reduction in the purchase price of the house and lot. The named defendants were W.D.L. Investments, Winan D. Lloyd, and Chester Rushing. The two individual defendants were dismissed pursuant to a partial summary judgment signed on November 7, 1980.
W.D.L. Investments thereafter amended its answer to consent to a judgment against it for rescission of the sale and tendered the sum prayed for by plaintiffs, although it denied the existence of any defects in the house. W.D.L. also agreed to pay reasonable attorney fees to be set by the court and not to exceed the amount prayed for by plaintiffs. Additionally, W.D.L. filed a motion for judgment on the pleadings. After a hearing on the motion, the trial court denied the motion and allowed plaintiffs to file a supplemental and amending petition in which their demand for rescission was removed so that their only remaining demand was for reduction of the purchase price. W.D.L. sought supervisory writs from this Court and from the Louisiana Supreme Court to review the trial court's denial of their motion, but both courts refused the writ application.
*1147 Following a trial on the merits, judgment was finally rendered against defendant. Defendant has appealed suspensively alleging the following assignments of error:
1. The trial court erred in finding that non-apparent defects existed at the time of the sale which were not discovered by plaintiffs prior to the sale date.
2. The trial court erred in allowing S. Jerome Rogers to testify as an expert in concrete construction and in relying on such testimony.
3. The trial court erred in not granting judgment on the pleadings, rescinding the sale in question in its totality.
We first address the trial court's refusal to grant defendant's motion for judgment on the pleadings. We have already denied writs on this issue and our opinion has not changed. The trial court correctly exercised its discretion in denying the motion, which was attempted to force plaintiffs to accept a remedy which had become unsatisfactory due to changed circumstances. Though defendant's answer was amended to agree to plaintiffs' original demand for rescission the amendment was made almost three and one-half years after the purchase, at a time when plaintiffs' house had appreciated in value. If indeed the house did contain redhibitory defects, it probably would have appreciated even more without them. Therefore, a rescission of the sale would have been unjust at the time the motion was heard since the defendant would have gotten the use of plaintiffs' money and also profited by the appreciation of the property in value.
Furthermore, for the purpose of a motion for judgment on the pleadings, "all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true." La.Code Civ.P. art. 965. However, defendant in its amended answer denied all the allegations of fact in plaintiffs' petition. Thus, they cannot be considered as true. Therefore, there were no facts before the Court on which to base a judgment for rescission of the sale. See Alexander v. Bates, 192 So.2d 186 (La.App. 1st Cir.1966).
Additionally, even if defendant had admitted all facts in plaintiffs' petition, the trial court still had discretion to deny a rescission of the sale if it felt a reduction in the purchase price would be more appropriate. La.Civ.Code art. 2543; Wade v. Mclnnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975), and cases cited therein.
Defendant's next assignment of error concerns the nature of the alleged defects. To recover in an action in quanti minoris, a party must prove a latent defect, its existence at the time of the sale, and the extent of reduction. La.Civ.Code arts. 2520, 2521, 2530, 2541 and 2544. Defendant contends some of the defects for which the trial court allowed recovery were apparent at the time of the sale and therefore were not redhibitory under La.Civ.Code art. 2521. Additionally, defendant contends that even if the defects were not apparent, they did not exist prior to the time of the sale as required by La.Civ.Code art. 2530.
Several of the alleged defects were clearly not apparent at the time of the sale, but were the result of improper construction techniques. These defects are properly subject to an action in quanti minoris, since the potential for these problems existed at the time of the sale, though they did not manifest themselves until after the sale. These defects include hairline cracks in the foundation of the house, cracks in the driveway and carport, cracked tile in the hall bathroom, cracks in the front porch, mortar falling from the bricks on the exterior of the house, and cracks in the ceiling sheetrock in the hall. The cracks in the foundation of the house, in the bathroom tile, and in the bricks on the exterior of the house were attributed to settlement movement in the frame of the house, for which the defendant was responsible. See Wetmore v. Blueridge, Inc., 391 So.2d 951 (La.App. 4th Cir.1980). The crack in the ceiling was said to be caused by a stress point in the design of the house.
*1148 The experts of plaintiffs and defendant differed, however, in their opinions of the cause of the cracks in the driveway and in the front porch. Mr. Jerome Rogers, expert for plaintiffs, testified the front porch cracked because of the builder's failure to place joints in the concrete, whereas Mr. Michael Aderman, defendant's expert, attributed the porch cracks to settlement movement of the house. The most conflicting opinions of the two experts dealt with the cause of the cracks in the driveway. Plaintiffs' expert testified the cracks resulted from an improper grid formation when the concrete was poured, from failure to use a sufficient number of joints, and from insufficient compressive strength in the concrete. In contrast, defendant's expert attributed the cracks to tree roots near the driveway.
The trial court accepted the testimony of Mr. Rogers as the most convincing. However, the defendant alleges the court fell into error in accepting Rogers as an expert in concrete construction and in relying on his testimony. Defendant claims Rogers lacks formal education in the field and therefore should not have been accepted as an expert. Though Rogers is not an engineer, he had been a home builder for nineteen years, a general contractor for ten years, and is presently a concrete consultant who gives seminars on concrete throughout the country.
A trial judge is allowed much discretion in determining a witness's qualifications and competence to testify as an expert. See Sledge v. Aluminum Specialties Mftg., Inc., 351 So.2d 835 (La.App. 1st Cir. 1977). We find no abuse of this discretion in accepting Rogers' testimony, especially since experience alone is enough to qualify a man as an expert. See Ashley v. Nissan Motor Corp. In U.S.A., 321 So.2d 868 (La. App. 1st Cir.1975), writ refused 323 So.2d 478 (La.1975).
In addition to the non-apparent defects mentioned above, the flashings on the roof had become unnailed subsequent to the sale, allegedly because of a lack of nail-holding power in the plywood and because an insufficient number of nails had been used. Since we find this was a latent defect which existed at the time of the sale, we also affirm the award for the cost of its repair.
Other defects complained of in plaintiffs' petition are a crooked threshold on the back door, a bump on the bathroom floor, cracked vanity tops in both bathrooms, lack of molding around the fireplace, improperly stained kitchen cabinets, a split in the cabinet near the dishwasher, and the oven and its exhaust hood which are nailed in place instead of being bolted down.
We feel these problems were either actually discovered by plaintiffs, who moved into the house before they purchased it, or they should have been. In Pursell v. Kelly, 244 La. 323, 152 So.2d 36, 41 (1963), our Supreme Court discussed the purchaser's duty of inspection as follows:
"Article 2521 of the Civil Code excludes, from the vices for which redhibition may be demanded, apparent defects `that is, such as the buyer might have discovered by simple inspection * * *'. Inspection, as defined by Webster's New International Dictionary, 2nd Ed., means a strict or prying examination. This connotes more than mere casual observation; it envisages an examination of the article by the vendee with a view of ascertaining its soundness. However, the Code limits the exclusion of warranty to those defects discoverable by a simple inspection. This, it is manifest, relieves the buyer of examining the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects."
In Roberts v. Boulmay, 186 So.2d 188 (La.App. 4th Cir.1966), the plaintiff sought to recover for several alleged defects, including the absence of an air-conditioning duct. The court stated (page 190):
"The absence of an air-conditioning duct in one of the rooms and the absence of guttering, if such may be considered to be defects, were certainly `apparent defects' which the plaintiff might have discovered by simple inspection and are not *1149 redhibitory vices. No action will lie on their account. LSA-C.C. art. 2521. We seriously doubt that the absence of these things are vices or defects."
Similarly, in Hawkins v. Camper Village, Inc., 404 So.2d 508 (La.App. 1st Cir.1981), writ denied 409 So.2d 675 (La.1981), the court denied recovery for defects which were known to plaintiff at the time of the sale. See also Lemoine v. Hebert, 395 So.2d 353 (La.App. 1st Cir.1980). We must therefore conclude the trial court erred in finding the above-listed defects to be non-apparent.
However, even though these defects are not subject to a suit for redhibition, Mr. Chester Rushing, defendant's employee who built the house, admitted under oath he had agreed on behalf of defendant to repair these problems. Since we find defendant was contractually obligated to make these repairs, we need not reverse the trial court's award for the cost of repairs to these items. See Millin v. Dawson, 387 So.2d 1213 (La. App. 1st Cir.1980); La.Code Civ.P. art. 2164.
Finally, we find plaintiffs are entitled to the additional sum of $500.00 for their attorney's fee on appeal. See Millin v. Dawson, supra; Gagnard v. Travelers Ins. Co., 380 So.2d 191 (La.App. 3d Cir.1980).

DECREE
For the above reasons, the judgment of the trial court is amended to the extent the award of attorney's fees be and the same is hereby increased from the sum of $2,000.00 to the sum of $2,500.00. In all other respects the judgment of the trial court is affirmed. Appellant is to pay all costs.
AMENDED AND, AS AMENDED, AFFIRMED.