450 So.2d 1038 (1984)
Craig G. HEBERT and Lisa Hoffman Hebert
v.
Randell M. BROUSSARD and Judy Choate Broussard.
No. 83 CA 0743.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1039 Louis Thad Toups, Thibodaux, for appellees and plaintiffs.
Richard A. Thalheim, Jr., Thibodaux, for appellants and defendants.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The primary issues in this quanti minoris action relate to the correctness of the trial court's factual findings and the amount of damages awarded.
Plaintiffs, Craig and Lisa Hebert, purchased a house from defendants, Randell and Judy Broussard, on June 2, 1981. Mr. Hebert believed mistakenly that defendants were to obtain a termite certificate prior to the sale, but learned of his error on the morning of the sale. Nevertheless, upon receiving assurance from Mr. Broussard that he had not experienced any termite problems, the Heberts decided to proceed with the sale as scheduled and obtain a termite certificate later.
Approximately two weeks thereafter Mr. Hebert discovered termite damage to the house. On July 10, 1981 an inspection by Charles Beasley of Beasley Pest Control revealed an active infestation of termites in the house. Plaintiffs repaired the damages and treated the house to eradicate and prevent a reoccurrence of the infestation. They then filed this suit seeking a reduction in the purchase price of the house by the amount necessary to eradicate the termites and repair the damage caused by them. Following trial, the court rendered judgment in favor of plaintiffs for $1,054.91. Additionally, $150 was awarded to Mr. Beasley as an expert witness fee, to be taxed as costs. Defendants have appealed from this judgment.
Defendants argue the trial court erred in basing its decision on the following factual conclusions: that the house was infested with termites and had termite damage at the time of the sale; that defendants did not disclose any existing damage to plaintiffs; and, that the damage present was not discoverable by a simple inspection (so as to preclude recovery by plaintiffs). A trial court's factual conclusions are entitled to great weight upon appellate review and will not be disturbed in the absence of manifest error.
There is ample evidence supporting the trial court's conclusions that there was *1040 termite damage to the house. Mr. Hebert, Mr. Guidry, (the carpenter who did the repair work), and Mr. Beasley, who was qualified as an expert in the field of termite inspection, detection and treatment, each testified to the presence of such damage. Mr. Beasley further testified that in his opinion the termite infestation was present in the house at the time of the sale to plaintiffs.
Defendants argue, however, the trial court erred in accepting and according too much weight to the testimony of Mr. Beasley. Defendants maintain Mr. Beasley was permitted to testify in areas in which he was not qualified as an expert, particularly with respect to his opinion as to the length of time the infestation had been present in the house. Mr. Beasley was examined extensively as to his qualifications as an expert in his field. He has worked in this field for approximately 25 years and periodically takes courses and attends seminars related thereto. A trial court has great discretion in determining a witness's competence to testify as an expert. We find no abuse of discretion herein, particularly since experience alone is sufficient to qualify a person as an expert. Abshire v. W.D.L. Investments, Inc., 428 So.2d 1145 (La.App. 1st Cir.1983), writ denied 433 So.2d 161 (La.1983).
Nor is there any merit to defendants' other allegations of factual error. A careful review of the record by us fails to disclose manifest error in any of the factual conclusions complained of by defendants.
The remaining issues raised by defendants concern the amount of damages awarded by the trial court. Defendants complain the trial court erred by failing to take into account the evidence they presented as to the alleged value of the house. They argue this evidence proved plaintiffs were not entitled to a reduction in price because the purchase price was already well below the actual value of the house. They claim, in fact, the difference between the price paid by plaintiffs and the actual value of the house exceeded the amount of damages claimed by plaintiffs herein. We do not find this argument persuasive, concluding instead that plaintiffs paid a fair price for the house. In any event, a measure of recovery in price reduction cases involving buildings is the amount necessary to convert an unsound structure into a sound one. Fraser v. Ameling, 277 So.2d 633 (La.1973); Lemoine v. Hebert, 395 So.2d 353 (La.App. 1st Cir.1980). The trial court did not err in applying this measure of damages in the present case.
Defendants also argue at least a portion of the damage to the house was due to water rather than termites. They argue the trial court erred in allowing plaintiffs to recover any expenses relating to the repair of water damages since plaintiffs did not allege or pray for recovery of such damages. Although there was some mention of water damage at the trial, the court obviously concluded any such damage which may have been present was so minimal as not to affect the amount or manner of repairs already required to rectify the termite damage. We find no manifest error in this conclusion.
Another issue raised by defendants is whether plaintiffs complied with the requirement of La.Code Civ.P. art. 861 that items of special damages be specifically alleged. Defendants argue plaintiffs did not comply with this requirement as regards the costs of treating the house to eradicate and prevent the re-entry of termites. Upon examination of the plaintiffs' petition, however, we agree with the trial court this petition gave defendants fair notice that the damages claimed by plaintiffs included this expense. Plaintiffs specifically alleged in their petition they contracted with certain individuals in an effort to eradicate the termites and repair the termite damage to the property, with said repairs amounting to a total of $1,255.33. In the context of the present case, we conclude treatment to eradicate and prevent a reoccurrence of a termite infestation should be considered a necessary "repair," *1041 since the termites would otherwise present a danger of continuing damage.
Lastly, defendants complain the trial court should have held a contradictory hearing to establish the proper amount to be awarded for the expert witness fee. A trial court may fix expert witness fees based upon trial testimony without holding a contradictory hearing. La.R.S. 13:3666(B). Furthermore, the amount of expert witness fees is a matter within the trial court's great discretion, which will not be disturbed absent manifest error. Young v. State Farm Fire & Cas. Ins. Co., 426 So.2d 636 (La.App. 1st Cir.1982), writ denied, 433 So.2d 148 (La.1983) and 433 So.2d 171 (La.1983). We find no abuse of discretion in the amount awarded.
Accordingly, the judgment is affirmed.
AFFIRMED.