NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0525

RODNEY DENOUX

VERSUS

DONNA GRODNER

Judgment rendered: JUN 0 3 2020

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 157922, Div. "E"

The Honorable Brenda Bedsole Ricks, Judge Presiding

* * * * *

| | |
|---|---|
| Andre' P. Gauthier<br>Lee J. Amedee, III<br>Thomas J. Kliebert, III<br>Gonzales, LA | Attorneys for Plaintiff/Appellant<br>Rodney Denoux |
| Donna Grodner<br>Baton Rouge, LA | Pro se/Appellee |

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

PMc concurs w/out reasons
Welch J. concurs in result.

**HOLDRIDGE, J.**

In this suit involving a property dispute between neighbors, the plaintiff appeals a summary judgment dismissing his petition and awarding the defendant sanctions under her reconventional demand. For the reasons set forth herein, we reverse and remand.

## FACTS

On December 27, 2017, the plaintiff, Rodney Denoux, filed a "Petition for Possessory Action, Injunctive Relief and Damages" against the defendant, Donna Grodner, the owner of adjacent property. Denoux alleged that in January of 2017, Grodner built a covered parking structure that encroached on his property by 3.7 feet and disturbed his possession.[1] Denoux alleged that he requested that Grodner remove the structure, but she refused and "has taken no remedial action to cure the encroachments." He sought the removal of the structure, restoration of his property, damages, and costs.

Grodner answered the petition, admitting that Denoux had a survey performed and that her structure encroached on Denoux's property, but denying that Denoux ever asked her to move it. Additionally, Grodner alleged the following: she saw survey stakes on December 16, 2017, and immediately contacted Denoux and asked for sixty days to verify the survey; Denoux told her to talk to his attorney and that she would be hearing from his attorney, but would not give Grodner his attorney's name; she notified Denoux on December 22, 2017, that the structure would be moved in January and asked him to call her; and she notified Denoux on December 24, 2017, three days before the petition was filed in this matter, that the structure was moved off of his property on that date and was

---

[1] Denoux attached a copy of the survey performed by Quality Engineering & Surveying, LLC, as an exhibit to his petition.

2

three inches from the property line. Grodner filed a reconventional demand for attorney's fees and costs as sanctions under La. C.C.P. art. 863, alleging that Denoux made false representations of fact in his petition which he knew or should have known were false because he had been notified that the encroachment would be immediately remedied and because it had been remedied when suit was filed.[2]

On March 14, 2018, Grodner filed a motion for summary judgment on Denoux's petition and on her reconventional demand. After a hearing, the trial court granted the motion for summary judgment. The court signed a judgment on May 14, 2018, which dismissed Denoux's petition with prejudice and granted "the counter claim under La. Art. 863" casting Denoux with all costs.

Denoux appealed that ruling, but this court dismissed the initial, earlier appeal because it was not from a valid final judgment in that the judgment did not contain proper decretal language. **Denoux v. Grodner**, 2018-0910 (La. App. 1 Cir. 12/21/18), 2018 WL 6717010 p.2 (unpublished opinion). Following this court's dismissal of the appeal, the trial court signed a new judgment on February 22, 2019, which provided that the summary judgment motion filed by Grodner was heard and granted in favor of Grodner and against Denoux; that Denoux's petition was dismissed with prejudice; that Grodner's reconventional demand under La. C.C.P. art. 863 was granted; and that Denoux was liable to Grodner for all court costs in the matter. Denoux appeals from this judgment.[3] On appeal, Denoux

---

[2] Grodner's request for sanctions under La. C.C.P. art. 863 was mislabeled as a "Counter Claim," although it was actually a reconventional demand under La. C.C.P. art. 1061. However, since the Code of Civil Procedure requires pleadings to be construed so as to do substantial justice, the nature of a pleading must be determined by its substance, not its caption. See **Belser v. St. Paul Fire and Marine**, 542 So.2d 163, 165-66 (La. App. 1 Cir. 1989). Where the miscaptioning of a pleading does not prejudice the other party, courts may overlook the miscaptioning. See **Denoux v. Grodner**, 2018-0910 (La. App. 1 Cir. 12/21/18) 2018 WL 6717010 p.2 n.1 (unpublished opinion).

[3] This court issued a show cause order stating that the judgment was ambiguous as to the specific relief granted, and the order was referred to this panel for consideration. **Denoux v. Grodner**, 2019-0525 (La. App. 1 Cir. 8/5/19) (unpublished order). A final judgment must be identified as

3

contends that the trial court erred in granting Grodner's motion for summary judgment, in dismissing his possessory action with prejudice, by not issuing a judgment maintaining his possession, and in ordering sanctions against him.

## DISCUSSION

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the district court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); **Schultz v. Guoth**, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1005-06.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence

---

such by appropriate language. La. C.C.P. art. 1918. Although the form and wording of judgments are not sacramental, a valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of a judgment without reference to other documents in the record. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365-66.

The 2019 judgment contains the relief awarded to Grodner on her sanctions demand, which is the costs associated with the suit. Louisiana Code of Civil Procedure article 863(D) authorizes the recovery of court costs as well as attorney's fees on a motion for sanctions. The specific amount of costs does not need to be included in the judgment in this case as this is not a suit against the state or a political subdivision thereof. See La. R.S. 13:5112(A). Therefore, the judgment contains proper decretal language, and we conclude it is final, appealable, and properly before us.

4

of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966D(1).

Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. **Lafourche Realty Company, Inc. v. Entergy Louisiana, Inc.,** 2017-0849 (La. App. 1 Cir. 7/10/19), 281 So.3d 680, 684, writ denied, 2019-01269 (La. 11/5/19), 281 So.3d 675.

On appeal, Denoux challenges the trial court's dismissal of his possessory action on Grodner's motion for summary judgment and its grant of her claim for sanctions on the summary judgment motion. A possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C.P. art. 3655. A disturbance in fact is defined in La. C.C.P. art. 3659 as "an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment." The elements of proof in a possessory action are set forth in La. C.C.P. art. 3658 as follows:

> To maintain the possessory action the possessor must allege and prove that:
>
> (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
>
> (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
>
> (3) The disturbance was one in fact or in law, as defined in Article 3659; and
>
> (4) The possessory action was instituted within a year of the disturbance.

5

In a possessory action, the burden of proof is upon the plaintiff to establish the essential elements thereof. La. C.C.P. art. 3658.

Louisiana Code of Civil Procedure article 3662 provides that a judgment rendered for a plaintiff in a possessory action shall:

> (1) Recognize his right to the possession of the immovable property or real right therein, and restore him to possession thereof if he has been evicted, or maintain him in possession thereof if the disturbance has not been an eviction;
>
> (2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right therein in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; and
>
> (3) Award him the damages to which he is entitled and which he has prayed for.

A plaintiff who prevails in a possessory action is entitled to a judgment awarding him the damages to which he is entitled and for which he has prayed, such as property damages, including damages to repair and restore the property to its prior condition. **Campbell v. Cerdes**, 2013-2062 (La. App. 1 Cir. 8/10/15), 181 So.3d 41, 50-51, writ denied, 2015-1658 (La. 10/30/15), 180 So.3d 302. A plaintiff who prevails in a possessory action is also entitled to recover damages for inconvenience and mental anguish caused by being wrongfully dispossessed of his property if such damages are supported by the evidence. **Id**. At 51. An award for such damages provides compensation for the violation of a recognized property right. **Id**. In **Campbell**, this court held that a willful and forceful intrusion that prevented a party from exercising a recognized property right supported an award of at least nominal damages to compensate the victims for the inconvenience and mental anguish associated with the disturbance of their possession. **Id**. at 52.

In support of her motion for summary judgment, Grodner attached her affidavit attesting to most of the allegations in her answer. She attached a copy of text messages she sent to Denoux to her affidavit. The initial text message from December 16, 2017, stated in part that if Denoux's survey was correct, she would move the structure back. A subsequent text message she sent Denoux, dated December 22, 2017, stated that the structure would be moved in January. The last text message from her to Denoux, dated December 24, 2017, stated, "A man is coming today." In her affidavit, she stated that the structure was moved on December 24, 2017.[4]

Denoux opposed the motion with his affidavit, which stated in part that the encroachment on his property resulted in excess water draining on his property, and that due to the proximity of the structure to his house, his property was subject to an increased fire risk, causing him "distress, fear, and worry." His affidavit did not address whether he received Grodner's text messages or when he became aware that the structure was moved.

In its reasons for judgment, the trial court determined that Grodner's text messages "made it clear that [Grodner] was indicating that the structure would be moved on December 24, 2017." When suit was filed three days later, the trial court determined that Denoux had apparently not checked to see if the structure had been moved. The trial court found that when the suit was filed, Denoux's claims were moot because the structure had already been moved. The trial court found that a cursory review of the situation would have disclosed that the cause of action had been extinguished, and therefore the trial court granted Grodner's reconventional demand under La. C.C.P. art. 863. As to Denoux's claim for

---

[4] Grodner attached a second affidavit to her motion for summary judgment. The affidavit was from David Morris, who stated in part that the roof of the cart port was moved back to three inches from the property line on Grodner's side, and that this work was completed on December 24, 2017.

7

mental anguish due to the encroachment, the trial court found that he did not produce any factual support to prove his claim of mental anguish, and his allegations in his affidavit were insufficient to support the claim.

In this case, the evidence showed that Denoux's allegations satisfied the four elements necessary for a possessory action pursuant to La. C.C.P. art. 3658. Grodner admitted these allegations in her answer. In her motion for summary judgment, while Grodner proved that she had removed the encroachment at the time suit was filed, she did not dispute that her structure had encroached on Denoux's property for almost a year, nor that he had a survey conducted to prove the encroachment. While the documents presented by Grodner may have shown that Denoux's possessory action was moot at the time his lawsuit was filed, they did not show that there were no issues of fact as to Denoux's damages claims nor did they point out to the court the absence of factual support for the elements of damages Denoux alleged were caused by the encroachment by Grodner's structure on his property prior to December 24, 2017. Moreover, the trial court only considered Denoux's claim of mental anguish for the encroachment whereas he also sought reasonable damages in his petition, which could include the costs he incurred in having a survey performed.[5] Therefore, we find the trial court erred in

---

[5] In his petition, Denoux alleged in paragraph ten that he had suffered "additional expenses" as a result of Grodner's actions and he attached a commercially prepared survey to his petition. In his memorandum in opposition to the summary judgment motion, he further argued that "Denoux has not been compensated for the costs of the survey...." In this case, Grodner had been apprised of Denoux having a survey conducted and had also been notified that Denoux was making a claim for the survey costs. Grodner contends on appeal that Denoux did not comply with the requirement pursuant to La. C.C.P. art. 861 that items of special damages be specifically alleged. However, the purpose of the specificity requirement is to avoid the imposition of surprise upon a defendant. See **Stevens v. Winn-Dixie of Louisiana**, 95-0435 (La. App. 1 Cir. 11/9/95), 664 So.2d 1207, 1213; **Hebert v. Broussard**, 450 So.2d 1038, 1040-41 (La. App. 1 Cir. 1984). There should be no surprise to Grodner as to this claim for special damages.

determining that Denoux's entire cause of action was extinguished and in granting Grodner's motion for summary judgment and dismissing Denoux's suit.[6]

We next consider Denoux's assignment of error as to the trial court's grant of summary judgment on Grodner's reconventional demand seeking sanctions under La. C.C.P. art. 863. Louisiana Code of Civil Procedure article 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry. **Droddy v. Porter**, 2019-0633 (La. App. 1 Cir. 12/27/19), ___ So.3d ___, ___. To impose sanctions, a trial court must find that one of the affirmative duties imposed by La. C.C.P. art. 863 has been violated. **Id**. Louisiana Code of Civil Procedure article 863 provides, in pertinent part:

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
>
> ...

---

[6] Based on this ruling, we pretermit Denoux's assignment of error as to whether the trial court erred in failing to issue a judgment recognizing his rights and maintaining him in possession.

9

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

Initially, we note that Grodner moved for summary judgment on her claim under La. C.C.P. art. 863. However, as set forth in La. C.C.P. art. 863(E), "A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." At the hearing on the motion for summary judgment, counsel for Denoux attempted to file answers to discovery in the record indicating that Denoux did not know the structure had been moved at the time suit was filed because he did not live on the property. Grodner, an attorney representing herself, objected to the filing of any evidence into the record because the matter was being considered as a motion for summary judgment. The trial court sustained the objection.

Generally speaking, an award of attorney fees and costs under La. C.C.P. art. 863 is penal in nature and, as such, must be strictly construed. See **Molinere v. Lapeyrouse**, 2016-0991 (La. App. 1 Cir. 2/17/17), 214 So.3d 887, 896; **SWC Services, LLC v. Echelon Const. Services, LLC,** 2010-1113 (La. App. 1 Cir. 2/11/11), 56 So.3d 1254, 1257. Pursuant to La. C.C.P. art. 863(E), Denoux was entitled to an evidentiary hearing wherein he could present any evidence in his defense, including his discovery responses. However, Grodner was asserting her entitlement to attorneys fees and costs on her Article 863 claim with a motion for summary judgment, and a party is not entitled to present any relevant evidence at a hearing on a motion for summary judgment. See La. C.C.P. art. 966(A)(4) and (D)(2). Where two statutes deal with the same subject matter, they should be

10

harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail. **Guitreau v. Kucharchuk**, 99-2570 (La. 5/16/00), 763 So.2d 575, 579. In this case, the provisions of La. C.C.P. art. 863(E) control on a motion for sanctions under that statute. Louisiana Code of Civil Procedure article 863(E) is clear and unambiguous in mandating that before sanctions can be imposed a contradictory hearing shall be held "at which any party or his counsel may present any evidence or argument relevant to the imposition of the sanction." This provision governs the procedure for awarding sanctions under La. C.C.P. art. 863, and not La. C.C.P. art. 966(A)(4), which maintains the rule that no oral testimony shall be allowed at a hearing on a motion for summary judgment even if all parties agree. See Comments-2015, comment (c) to La. C.C.P. art. 966; **Mapp Construction, LLC v. Amerisure Mutual Insurance Co.**, 2013-1074 (La. App. 1 Cir. 3/24/14), 143 So.3d 520, 530. Therefore, we find that the trial court erred in granting Grodner's motion for summary judgment.

For the above and foregoing reasons, we maintain the appeal of Rodney Denoux. We reverse the judgment of February 22, 2019, granting the summary judgment motion filed by Donna Grodner, dismissing Rodney Denoux's petition with prejudice, and granting Donna Grodner's reconventional demand and finding Rodney Denoux liable to Donna Grodner for all court costs in the matter. Costs of this appeal are to be split equally between the parties.

**APPEAL MAINTAINED; JUDGMENT REVERSED.**